USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 93-1600 DOMINGO DE LA TORRE, Plaintiff, Appellant, v. THE CONTINENTAL INSURANCE COMPANY, Defendant, Appellee. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ___________________ _________________________ Before Breyer, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ _________________________ Juan G. Casasnovas Luiggi on brief for appellant. _________________________ J. Ramon Rivera-Morales, Jimenez, Graffam & Lausall, James ________________________ ___________________________ _____ E. Tribble, and Blackwell & Walker, P.A. on brief for appellee. __________ ________________________ _________________________ January 31, 1994 _________________________ SELYA, Circuit Judge. In this appeal, plaintiff SELYA, Circuit Judge. ______________ invites us to set aside the district court's entry of summary judgment and its ensuing refusal to grant relief from the judgment. We decline the invitation. I I Contending that Continental Insurance Company had wrongfully refused to pay a claim for benefits under a group accident insurance policy purchased by his former employer, plaintiff-appellant Domingo de la Torre filed suit in the United States District Court for the District of Puerto Rico. Invoking diversity jurisdiction, see 28 U.S.C. 1332 (1988), appellant ___ sought compensatory, consequential, and punitive damages for Continental's alleged disregard of its contractual obligations. The insurer joined issue, denying the allegations of wrongdoing that characterized the complaint. In due course, a magistrate-judge entered a pretrial scheduling order, see Fed. R. Civ. P. 16; D.P.R. Loc. R. 314.3, ___ which had been prepared by the parties and to which they assented. Among other things, the order indicated that the defendant would submit a motion for summary judgment. On October 22, 1992, the defendant moved for summary judgment. The motion raised five distinct grounds supporting brevis disposition, including averments that appellant waited too ______ long before submitting both his claim and his proof of loss, and that, in any event, appellant had not suffered any disability within the meaning of the policy. Although appellant's response 2 was due ten days thereafter, see D.P.R. Loc. R. 311.5 & 311.12, ___ appellant ignored the deadline. On December 8, 1992 more than a month after the opposition was due appellant moved for an extension of time within which to respond to the summary judgment motion. In an attempt to explain the delay, appellant's counsel mentioned ongoing settlement negotiations (although he conceded that the defendant had given explicit warning by letter that negotiations, if conducted, would not operate to excuse a timely response to the motion for summary judgment) and the press of other pending cases. The district court issued a memorandum decision on December 11, 1992, without acting upon the motion to extend.1 In that rescript, the court addressed the merits of the Rule 56 motion, found Continental's arguments to be convincing, and ordered summary judgment in its favor. Judgment entered on December 23, 1993. Appellant did not take an appeal from this judgment.2 ____________________ 1It is not clear whether the motion came to the district judge's attention before he ruled on the motion for summary judgment. 2Because this is so, and because the 30-day appeal period, Fed. R. App. P. 4(a)(1), ran long before de la Torre filed the instant notice of appeal, the original judgment is no longer amenable to direct review. See Rodriguez-Antuna v. Chase ___ ________________ _____ Manhattan Bank Corp., 871 F.2d 1, 2 (1st Cir. 1989) (holding that ____________________ an appeal from an order denying relief from judgment does not resurrect a plaintiff's expired right to contest the merits of the underlying judgment or bring the judgment before the appellate court for review). Since it was served well beyond the time limit stipulated in Fed. R. Civ. P. 59(e), the later-filed motion for reconsideration did not toll the running of the appeal 3 In late December, however, he filed a motion to enlarge the time within which to move for reconsideration of the December 11 order. The district court granted an enlargement until January 15, 1993. When filed, appellant's motion for reconsideration (1) contended that his December 8 request for additional time had been overlooked, and (2) presented a decurtate response to the substantive arguments advanced in defendant's summary judgment motion. In this connection, the motion for reconsideration contained material not previously in the record that addressed some, but not all, of the grounds limned in Continental's Rule 56 motion. Withal, the motion for reconsideration did not contain any new information concerning plaintiff's failure to file a timely opposition to the request for summary judgment. On May 4, 1993, the district court denied the motion for reconsideration without any elaboration. This appeal followed. II II On appeal, the parties' first area of dispute centers around the nature of appellant's motion for reconsideration. The motion itself did not identify any pertinent procedural rule or other hook upon which it might be hung. This becomes a matter of potential moment, for, if the motion invoked Rule 59(e), as the defendant asserts, then it was clearly out of time, see Fed. R. ___ Civ. P. 59(e) (stipulating that motions "to alter or amend the ____________________ period. See Echevarria-Gonzalez v. Gonzalez-Chapel 849 F.2d 24, ___ ___________________ _______________ 26 (1st Cir. 1988). 4 judgment shall be served not later than 10 days after entry of the judgment"), and, since it is apodictic that the district court does not have the power to extend the time for filing a Rule 59(e) motion, see Feinstein v. Moses, 951 F.2d 16, 19 (1st ___ _________ _____ Cir. 1991), this appeal would likely have to be dismissed.3 If, however, as appellant now asserts, the motion for reconsideration invoked Fed. R. Civ. P. 60(b), the motion was timely and the appeal can survive. See United States v. 789 Cases of Latex ___ ______________ ___________________ Surgeon Gloves, ___ F.3d ___, ___ (1st Cir. 1993) [No. 93-1554, ______________ slip op. at 5-7]; Rodriguez-Antuna v. Chase Manhattan Bank Corp., ________________ __________________________ 871 F.2d 1, 2 (1st Cir. 1989). Courts should not spend their energies wrestling with academic questions or deciding the juridical equivalent of how many angels can dance on the head of a pin. Thus, in the interests of time and judicial economy, we shall assume, favorably to appellant, that the motion for reconsideration deserved attention under Fed. R. Civ. P. 60(b). We indulge this assumption on the basis that "an appellate court may forego the resolution of a jurisdictional question if, as is true here, the appeal is uncomplicated and easily resolved in favor of the party to whose benefit the jurisdictional question would redound." United States v. Connell, 6 F.3d 27, 29 n.3 (1st Cir. 1993) ______________ _______ ____________________ 3We caution that, under certain circumstances, the denial of a late-filed Rule 59(e) motion which does more than assert that the court wrongly decided a point of law possibly may prove appealable. See, e.g., United States v. 789 Cases of Latex ___ ____ ______________ ____________________ Surgeon Gloves, ___ F.3d ___, ___ (1st Cir. 1993) [No. 93-1554, ______________ slip op. at 5-7]. Given our approach to the appeal, see infra, ___ _____ we need not address this possibility. 5 (citing Supreme Court precedents). III III We now turn to the merits of the appeal. In doing so, it is important to recall that motions brought under Rule 60(b) are committed to the district court's sound discretion.4 As a result, orders denying such motions are reviewed only for abuse of discretion. See Teamsters, Chauffeurs, Warehousemen & Helpers ___ _____________________________________________ Union v. Superline Transp. Co., 953 F.2d 17, 19 (1st Cir. 1992); _____ _____________________ Rodriguez-Antuna, 871 F.2d at 3. In these precincts, the trial ________________ court's exercise of discretion must be colored by a recognition that, because Rule 60(b) is a vehicle for "extraordinary relief," ____________________ 4The rule provides in pertinent part: On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. Fed. R. Civ. P. 60(b). 6 motions invoking the rule should be granted "only under exceptional circumstances." Lepore v. Vidockler, 792 F.2d 272, ______ _________ 274 (1st Cir. 1986). We do not find any sufficiently exceptional circumstances here, and, concomitantly, we do not discern the slightest sign that the district court abused its discretion. Appellant relies mainly on clause (1) of Rule 60(b).5 Yet, he makes no credible claim of "mistake," "inadvertence," or "surprise" so he is left to demonstrate "excusable neglect." On this record, he cannot shoulder that burden. His most touted claim that his attorney was preoccupied with other matters has been tried before, and regularly has been found wanting. See, e.g., Mendez v. Banco Popular de Puerto Rico, 900 F.2d 4, 7 ___ ____ ______ ____________________________ (1st Cir. 1990); McLaughlin v. City of La Grange, 662 F.2d 1385, __________ _________________ 1387 (11th Cir. 1981), cert. denied, 456 U.S. 979 (1982). As we _____ ______ wrote on an earlier, comparable, occasion: "Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences." Pinero Schroeder v. FNMA, ________________ ____ 574 F.2d 1117, 1118 (1st Cir. 1978). Relatedly, appellant tells us that the district court ____________________ 5In his brief, appellant also invokes clause (6), but he offers no developed argumentation supporting an application of that clause. We, therefore, decline to address the point. See ___ Ryan v. Royal Ins. Co., 916 F.2d 731, 734 (1st Cir. 1990); United ____ ______________ ______ States v. Zannino, 895 F.2d 1, 17 (1st Cir.), cert. denied, 494 ______ _______ _____ ______ U.S. 1082 (1990). In all events, 60(b)(6) and 60(b)(1) are mutually exclusive. See Liljeberg v. Health Servs. Acquisition ___ _________ __________________________ Corp., 486 U.S. 847, 863 n.11 (1988); Superline, 953 F.2d at 20 _____ _________ n.3. 7 acted prematurely in going forward while discovery requests remained outstanding. This asseveration is doubly flawed. In the first place, appellant did not raise the point below and cannot, therefore, rewardingly argue it here. See Superline, 953 ___ _________ F.2d at 21; Clauson v. Smith, 823 F.2d 660, 666 (1st Cir. 1987) _______ _____ (collecting cases). In the second place, incomplete discovery may be a perfectly good reason for asking a court to defer decision on a motion for summary judgment, cf. Fed. R. Civ. P. ___ 56(f), but it is a woefully weak reason for failing to file a timely opposition to such a motion. And it is no reason at all for failing to file a timely Rule 56(f) motion and-or an immediate request for an extension of time. Appellant's final argument fares no better. The fact that settlement negotiations are in progress does not excuse a litigant from making required court filings. See, e.g., Cotto v. ___ ____ _____ United States, 993 F.2d 274, 278-80 (1st Cir. 1993); Mercado- _____________ ________ Garcia v. Ponce Federal Bank, 979 F.2d 890, 895 (1st Cir. 1992). ______ __________________ It is common sense, as well as common courtesy, to alert the judge to the ongoing negotiations and request that he or she postpone imminent deadlines before they have expired. A litigant who, like appellant, fails to take that simple step courts disaster. Above and beyond the frailties of appellant's proffer, the circumstances of this case do not suggest an entitlement to extraordinary relief. Appellant knew from the pretrial order that the defendant planned to move for summary judgment. Despite 8 this aposematic forewarning, and notwithstanding the defendant's admonition that it would insist upon a timeous response to its motion regardless of ongoing negotiations, appellant blithely ignored the summary judgment motion when it was served. In such circumstances, a casual request for an extension of time, identifying no compelling reason for the delay and made more than a month after the due date, strikes us as too little, too late. We note, too, that when the district court entered the adverse judgment, appellant did nothing to extricate himself from the hole he had dug. Although the court gave him extra time to file a motion for relief from judgment, he failed to present any facts fairly supporting a conclusion that his omission constituted excusable neglect as that term is defined in the jurisprudence of Rule 60(b)(1). See Lavespere v. Niagara Mach. & Tool Works, 910 ___ _________ ___________________________ F.2d 167, 173 (5th Cir. 1990) (suggesting that it would be an abuse of discretion for a district court to grant a Rule 60(b)(1) motion seeking relief from a party's failure, through carelessness, to submit evidence in a timely manner), cert. _____ denied, 114 S. Ct. 171 (1993).6 ______ IV IV We need go no further. If the plaintiff had a serious basis for opposing the defendant's motion for summary judgment, ____________________ 6In an abundance of caution, we have reviewed the materials filed with appellant's motion for reconsideration. Having done so, we cannot say that those materials are so compelling as to ensure the defeat of defendant's Rule 56 initiative had they been proffered in a timely manner. Cf., e.g., Superline, 953 F.2d at ___ ____ _________ 20-21 (noting importance, under Rule 60(b), of showing a meritorious claim or defense). 9 he should have submitted either a properly focused opposition or a valid Rule 56(f) motion within the ample time afforded in the district court. Having eschewed both of those courses, and having mustered very little in the way of a cognizable excuse for his palpable neglect, plaintiff cannot legitimately complain that the district court held fast to its clearly delineated rules. See Smith v. Stone, 308 F.2d 15, 18 (9th Cir. 1962) (explaining ___ _____ _____ that chaos would result if parties could decide for themselves "when they will file those papers required in a lawsuit"; also suggesting the need for "some obedience to the rules of court; and some respect [for] the convenience and rights of other counsel, litigants, and the court itself"). Affirmed. Costs to appellee. Affirmed. Costs to appellee. ________ _________________ 10