AmeriWest Bancorp v. Callahan          CV-95-80-JD    07/13/95
                 UNITED STATES DISTRICT COURT FOR THE
                       DISTRICT OF NEW HAMPSHIRE


AmeriWest Bancorp

        v.                                Civil No. 95-80-JD

William J. Callahan, Jr.


                              O R D E R


        The plaintiff, as servicing agent for Chilmark Financial

Company, LLC, brought this action to recover the deficiency due

on a note executed by the defendant and a co-maker and secured by

a mortgage on certain property, which mortgage was foreclosed

upon by the FDIC in its capacity as receiver of the Amoskeag

Bank.[1]

        On May 24, 1995, the plaintiff filed a motion for summary

judgment (document no. 13).  In accordance with Local Rule 11(c)

and (d) and Fed. R. Civ. P. 6(a), the defendant had until June

13, 1995, to file an objection.  By June 13, 1995, the defendant

had filed neither an objection, nor a request for an enlargement

of time within which to file an objection, nor a motion under

Fed. R. Civ. P. 56(f).  However, on June 26, 1995, the defendant

_____

        [1]Chilmark Financial Company, LLC, is assignee of the note
from the FDIC under an assignment dated December 24, 1994.

filed a motion for late entry of an objection to the summary judgment motion (document no. 15).

Since the defendant's motion for late entry of his objection comes after the expiration of the June 13, 1995, deadline, he is required by Fed. R. Civ. P. 6(b)(2) to show that his failure to comply with the deadline was the result of "excusable neglect."

Defendant's counsel states that he "anticipated the preparation and filing of an opposition to the Summary Judgment on or before June 26, 1995, within 30 days of the filing by the Plaintiff of his Motion for Summary Judgment, rather than 10 days as required under Rule 56(c)." Defendant's Motion For Late Entry, paragraph 4. He also argues that since the defendant does not contest liability but only the amount of damages, justice requires a late entry of his objection, particularly in view of the fact that plaintiff has not complied with what the defendant claims are reasonable discovery requests concerning the damage issue. Defendant's counsel has also produced a memo for _in camera_ review by the court from him to an associate in his law firm instructing the associate to perform certain work on the case.

The situation which has occurred in this case does not present unusual or extraordinary circumstances constituting

excusable neglect.  Cf., Goochis v. Allstate Ins. Co., 15 F.3d 12, 14 (1st Cir. 1994) (construing "excusable neglect" in the context of Fed. R. App. P. 4(a)(5)); see also, Kyle v. Campbell Soup Co., 28 F.3d 928 (9th Cir. 1994).  Counsel's inadvertence, misunderstanding, or confusion about whether under the applicable rules the objection should have been filed within ten days or within thirty days of the date on which the plaintiff filed the motion for summary judgment does not constitute excusable neglect.  Neither can counsel rely on any alleged misunder-standing or confusion on the part of his associate as to when an objection was to be filed.  It is understandable why the associate may have misapprehended his assignment since counsel's memo to him gives no specific directions concerning the summary judgment motion.  The focus of the memo is on the need for discovery and the only deadline mentioned is a July 13, 1995, discovery deadline.  No direction is given to prepare an objection to the summary judgment motion and no deadline is given for the filing of such an objection.  In addition, no direction is given concerning a motion under Fed. R. Civ. P. 56(f).  If defense counsel was aware of the June 13, 1995, deadline, he should have included that deadline in his memo to the associate with instructions to prepare an objection or some other

3

appropriate motion.  This he failed to do.  Furthermore, even if it is assumed that associate counsel shares some responsibility for the failure to file on time, lead counsel would stand accountable for the actions of his subordinate.

In view of the foregoing, the court finds that defendant's counsel has failed to demonstrate excusable neglect to justify the late filing of his objection to the plaintiff's motion for summary judgment.  Therefore, defendant's motion is denied (document no. 15).

Pursuant to Local Rule 11(d), the court will consider the plaintiff's motion for summary judgment.  Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "The burden is on the moving party to establish the lack of a genuine, material factual issue, and the court must view the record in the light most favorable to the nonmovant, according the nonmovant all beneficial inferences discernable from the evidence."  Snow v. Harnischfeger Corp., 12 F.3d 1154, 1157 (1st Cir. 1993) (citations omitted).  Once the moving party has met its burden,

4

the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial[,]" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986) (citing Fed. R. Civ. P. 56 (e)), or suffer the "swing of the summary judgment scythe." Jardines Bacata, Ltd. v. Diaz-Marquez, 878 F.2d 1555, 1561 (1st Cir. 1989). Based on the court's previous ruling hereinabove, defendant is deemed to have waived objection to the motion.

The court has reviewed the entire record as it now stands. The issue of liability has not been contested by the defendant. On the issue of damages, the court has reviewed the affidavit filed by William Evans, executive vice president and director of operations for the plaintiff, and finds the following material facts to be uncontested. As of October 7, 1993, $497,861.33 of principal and $100,448.14 of interest were owed on the note in question. The proceeds from the foreclosure sale of the real estate securing the note were $236,000.00. The deficiency owed by the defendant on the note was $362,309.47 after the fore-closure proceeds were applied to the outstanding note balance. Interest in the amount of $34,097.97 has accrued on the outstanding balance from October 7, 1993, to February 10, 1995, the date of the complaint.

Therefore, the plaintiff's motion for summary judgment is granted (document no. 13).  Judgment is entered for the plaintiff in the amount of $396,397.44, plus interest and costs.

This case is closed.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
Chief Judge

July 13, 1995

cc:  Frank P. Spinella Jr., Esquire
     Ronald J. Caron, Esquire