Chamblin v. Town of Northwood          CV-93-210-SD  07/13/95
                    UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEW HAMPSHIRE


John Chamblin


     v.                                        Civil No. 93-210-SD


Town of Northwood, et al



                             O R D E R


     In orders dated May 8, 1995, and June 8, 1995, respectively,

this court granted summary judgment for all defendants in this

civil rights action and further ordered judgment to be entered

accordingly.  Documents 39, 41.[1]

     Presently before the court are two motions for

_____

     [1]The May 8, 1995, order granted summary judgment as to all
defendants with the exception of Officer Anthony Soltani in his
individual capacity.  Document 39.  Said exception was created
because neither the docket nor the motion then under
consideration indicated with sufficient clarity whether Soltani,
in his individual capacity, was represented by Attorney Upton.

     Defendants filed a motion for reconsideration on May 18,
1995, wherein the issue concerning the representation of Soltani
in both his official and individual capacities by Attorney Upton
was clarified.  Document 40.  Having previously found Soltani
qualifiedly immune for his actions, see Order of May 8, 1995, at
35, the court granted the motion for reconsideration on June 8,
1995.  Document 41.  Judgment was thereafter entered in
defendants' favor on all of plaintiff's federal claims.  Document
42.

reconsideration filed by plaintiff Chamblin,[2] to which defendants have responded with one blanket objection.  Chamblin has additionally filed a "Motion to Strike Summary Judgment" (document 47), to which defendants have likewise objected.

## 1.  Standard for Relief from Judgment or Order

Chamblin's motions for reconsideration seem to raise two separate issues, but essentially seek relief from the final judgment pursuant to Rule 60, Fed. R. Civ. P.[3]

---

[2]The court construes plaintiff's first motion for reconsideration, document 43, as one seeking relief pursuant to Rule 60, Fed. R. Civ. P., from the court's May 8, 1995, and June 8, 1995, orders granting defendants' motions for summary judgment and reconsideration, respectively.  Plaintiff's second motion for reconsideration, document 45, likewise appears to seek relief pursuant to Rule 60, Fed. R. Civ. P., but this motion is solely directed at the June 8, 1995, order of the court.

[3]Although not apparent, the motions are most likely grounded upon subpart (b), which provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has

2

The rule in the First Circuit is that "motions brought under Rule 60(b) are committed to the district court's sound discretion" subject to review "only for abuse of discretion," de la Torre v. Continental Ins. Co., 15 F.3d 12, 14 (1st Cir. 1994) (footnote omitted); see also Rodriguez-Antuna v. Chase Manhattan Bank Corp., 871 F.2d 1, 3 (1st Cir. 1989).  However, Rule 60(b) relief is not wholly a matter of unbridled discretion.  "[R]elief from a final judgment is 'extraordinary'; discretion plays a role; and neither the grounds nor the procedures are as rigidly prescribed as those that would attend an ordinary lawsuit seeking a judgment in the first instance." Xerox Fin. Servs. Life Ins. Co. v. High Plains Ltd. Partnership, 44 F.3d 1033, 1039 (1st Cir. 1995) (citing Vasapolli v. Rostoff, 39 F.3d 27, 37 n.8 (1st Cir. 1994)); see also de la Torre, supra, 15 F.3d at 14-15 ("because Rule 60(b) is a vehicle for 'extraordinary relief,' motions invoking the rule should be granted 'only under exceptional circumstances'") (quoting Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir. 1986)).

The rule must be "construed so as to recognize the

            been reversed or otherwise vacated, or it is
            no longer equitable that the judgment should
            have prospective application; or (6) any
            other reason justifying relief from the
            operation of the judgment.

Rule 60(b), Fed. R. Civ. P.

importance of finality as applied to court judgments . . . [while at the same time] to recognize the desirability of deciding disputes on their merits."  Teamsters, Chauffeurs Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 19 (1st Cir. 1992).

> The need to harmonize these competing
> policies has led courts to pronounce
> themselves disinclined to disturb judgments
> under the aegis of Rule 60(b) unless the
> movant can demonstrate that certain criteria
> have been achieved.  In general, these
> criteria include (1) timeliness, (2) the
> existence of exceptional circumstances
> justifying extraordinary relief, and (3) the
> absence of unfair prejudice to the opposing
> party.

Id. at 19-20 (footnote and citations omitted).

"There is, however, an additional sentry that guards the gateway to Rule 60(b) relief . . . it is the invariable rule, and thus, the rule in this circuit, that a litigant, as a precondition to relief under Rule 60(b), must give the trial court reason to believe that vacating the judgment will not be an empty exercise."  Id. at 20 (collecting cases).

> [W]hile a movant, in order to set aside a
> judgment, need not establish that it
> possesses an ironclad claim or defense which
> will guarantee success at trial, it must at
> least establish that it possesses a
> potentially meritorious claim or defense
> which, if proven, will bring success in its
> wake.  Such a showing requires more than an
> unsubstantiated boast.  Even an allegation
> that a meritorious claim exists, if the
> allegation is purely conclusory, will not
> suffice to satisfy the precondition to Rule

4

60(b) relief.

Id. at 21.

## 2.  Document 43

In his first motion for reconsideration, plaintiff merely restates his interpretation of the April 20, 1990, arrest and subsequent events but does not provide the court with any materials to transform his claim from an "unsubstantiated boast." Superline, supra, 953 F.2d at 21.  As such, the court finds that the record before it is no different than it was when the summary judgment motion was ruled upon.  In that "a conclusory allegation that a claim is meritorious does not suffice to satisfy the Rule 60(b) precondition," id., plaintiff's first motion for reconsideration (document 43) must be and herewith is denied.

## 3.  Document 45

Plaintiff's second motion for reconsideration charts a different course.  Withal repeating the details of the arrest from his perspective, plaintiff asserts,

> 1.  Defendant summary judgment was filed during while plaintiff counsel was assigned to this civil suit.
> 2.  Plaintiff counsel agreed he would counterclaim defendants motion for summary judgment before he would withdraw.
> 3.  An ethical was applied in this matter by counsel withdrawal and failed to give

5

> plaintiff complete discoveries in the matter
> where plaintiff was hurt by counsel
> misconduct.
>     4.  Plaintiff did not get any order from
> the court stating to timely respond to
> defendants motion for summary judgment.

Motion for Reconsideration of Court Order for the Defendants ¶¶ 1-4.

Despite these present assertions, the docket indicates the following course of events in this action:

1.  Defendants filed their motion for summary judgment on November 1, 1994, with the full knowledge that withdrawal would probably be required of plaintiff's counsel;

2.  Plaintiff was sent a copy of all pertinent court orders, including this court's November 2, 1994, order summarizing the events of the final pretrial held on November 1, 1994;

3.  The court noted that "[w]hen new counsel has appeared for Mr. Chamblin and the summary judgment matter has been resolved, if there remains viability to any of the remaining claims, another pretrial and trial will be scheduled at the convenience of the court's calendar," Order of Nov. 2, 1994, at 2;

4.  The court granted plaintiff's counsel's motion to withdraw on November 2, 1994, and further directed plaintiff

> within 30 days of the date of this order, to
> have new counsel appear for him or, lacking
> new counsel, to appear pro se.

6

> If new counsel is retained, he or she should immediately familiarize himself or herself with the file and the fact that a motion for summary judgment was filed on November 1, 1994, by the defendants. The court will grant any new counsel 30 days from the date of his or her appearance in which to respond to the motion for summary judgment. In the event that plaintiff chooses to proceed pro se, he will be required to file any of his objections to the motion for summary judgment within 30 days of the filing of his pro se appearance. When objection to the summary judgment has been filed with the court, the matter will be subsequently considered and ruled upon.

Order on Motion for Withdrawal at 1-2 (emphasis added);

5. New counsel having failed to appear and plaintiff having failed to enter his appearance pro se, plaintiff was further ordered on December 21, 1994, to complete same by January 11, 1995;

6. On January 9, 1995, plaintiff entered his appearance pro se, noting "a. He is searching for new counsel. b. He has contacted a counsel and is in process reviewing the files and will not have time to allocate the deadline and Order made by this Honorable Court. c. Plaintiff will appear pro se." Chamblin's Jan. 9, 1995, Notice to Appear;

7. Plaintiff failed to meet the February 9, 1995, deadline for filing an objection to the summary judgment motion, and in

7

fact no such objection was ever filed;[4]

8. Defendants' November 1, 1994, summary judgment motion was granted in part on May 8, 1995, and granted in full on June 8, 1995, and

9. Final judgment in this matter issued on June 9, 1995.

The court finds that plaintiff's motion does not make any credible claims of "mistake," "inadvertence," "surprise," "or excusable neglect," that would otherwise open the door to relief under Rule 60(b)(1), Fed. R. Civ. P. Notwithstanding plaintiff's present assertion that he did not receive defendants' motion for reconsideration until June 17, 1995, thirty-six days after certification of service and nine days after said motion was ruled upon, the court further finds that, based on the evidence presented, "vacating the judgment will . . . be an empty exercise." Superline, supra, 953 F.2d at 20. The June 8, 1995, order merely put into effect findings the court made on May 8, 1995, but did not fully enforce due to the uncertainty surrounding Officer Soltani's individual representation. See supra note 1.

As the above chronology makes plain, plaintiff "knew from

_____

[4]The court notes plaintiff has indicated that he has been incarcerated since February 8, 1995, at the New Hampshire State Prison in Concord. Plaintiff's Motion to Strike Summary Judgment ¶ 2.

8

the pretrial order that the defendant[s] planned to move for summary judgment. Despite this aposematic forewarning, . . . [plaintiff] blithely ignored the summary judgment motion when it was served." de la Torre, supra, 15 F.3d at 15. In this regard, plaintiff's failure "to present any facts fairly supporting a conclusion that his omission constituted excusable neglect as that term is defined in the jurisprudence of Rule 60(b)(1)," id. (citation omitted), constrains the court to act within a limited range of alternatives. See id. (citing Lavespere v. Niagra Mach. & Tool Works, 910 F.2d 167, 173 (5th Cir. 1990) (suggesting that it would be an abuse of discretion for a district court to grant a Rule 60(b)(1) motion seeking relief from a party's failure, through carelessness, to submit evidence in a timely manner), cert. denied, ___ U.S. ___, 114 S. Ct. 171 (1993) (footnote omitted)). Accordingly, plaintiff's second motion for reconsideration (document 45) must be and herewith is denied.

4. Document 47

Plaintiff moves to "strike" the May 8, 1995, order of this court granting summary judgment to the municipal defendants. In support thereof, plaintiff asserts,

> 1. That plaintiff never received any order on May 8, 1995 or defendant's motion to reconsidered summary judgment defendant's motion for reconsideration of summary

9

> judgment be moot.
>     2.  That defendant's knew that plaintiff
> was incarcerated at the New Hampshire State
> Prison since February 8, 1995.
>     3.  That plaintiff without notice of
> summary judgment filed to him directly should
> this court take action it should strike the
> Order of the motion for reconsideration of
> summary judgment filed by the defendants.

Plaintiff's Motion to Strike Summary Judgment ¶¶ 1-3.

As an initial matter, the court notes that "[a]s motions to strike apply only to pleadings, which are not the target of plaintiff's motion to strike, plaintiff clearly has not filed a proper motion to strike under Fed. R. Civ. P. 12(f)." Knight v. United States, 845 F. Supp. 1372, 1374 (D. Ariz. 1993) (footnote omitted); see also Jones v. City of Topeka, 764 F. Supp. 1423, 1425 (D. Kan. 1991) (Rule 12 (f), Fed. R. Civ. P., motion to strike may not be directed at motion for summary judgment).

The court finds and rules that plaintiff's motion is insufficient for reasons that go beyond such technical infirmities.  That plaintiff has been incarcerated at the New Hampshire State Prison in Concord since February 8, 1995, is of no moment.  It is plaintiff's duty to inform the court of any changes in address.  Furthermore, no mailings sent by the court to plaintiff's address in Northwood have been returned as undeliverable.

More pointedly, however, the court finds that plaintiff not

10

only had notice of the pending summary judgment motion, <u>see</u> Nov. 2, 1994, Order on Motion for Withdrawal at 1-2, but had ample opportunity to respond to same or seek an extension. Not having done so, plaintiff will not be heard to complain ex post facto.

Accordingly, plaintiff's Motion to Strike Summary Judgment (document 47) must be and herewith is denied.

## Conclusion

For the reasons set forth herein, plaintiff's motions for reconsideration (documents 43, 45) and motion to strike summary judgment (document 47) are denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

July 13, 1995
cc: John Chamblin, pro se
    Robert W. Upton II, Esq.
    Tony F. Soltani, Esq.

11