Rubin v. Smith                          CV-92-273-SD  05/23/96
            UNITED STATES DISTRICT COURT FOR THE

                   DISTRICT OF NEW HAMPSHIRE


Carol A. Rubin


        v.                                    Civil No. 92-273-SD


Philip Smith, Sr., et al


                        O R D E R


     Pursuant to Rule 59(e), Fed. R. Civ. P., plaintiff Carol A.

Rubin presently moves the court to reconsider and alter or amend

its March 20, 1996, order granting defendants' respective motions

for summary judgment.  In the alternative, plaintiff seeks relief

from judgment and a new trial pursuant to Rules 60(b)(2), (3),

and (6), Fed. R. Civ. P.  The Salem defendants object to such

relief, and defendant Harvey Rubin filed an untimely objection.[1]

---

     [1]Defendant Rubin's opposition bears the date of April 22,
1996, which would have been timely with one day to spare, but
such paper was not actually filed with the clerk of court until
April 26, 1996, some three days late.  Accordingly, plaintiff's
motion to strike (document 205) such untimely objection is
granted, and the opposition (document 204), as well as its
exhibit, will not be considered by the court in ruling on
plaintiff's motion under Rules 59 and 60, Fed. R. Civ. P.

<u>Discussion</u>

Plaintiff's motion under Rule 59(e), Fed. R. Civ. P., having been filed with the court eight days after the entry of final judgment, March 22, 1996, is well within the ten-day limitation set forth in the rule. Accordingly, this court is vested with jurisdiction to consider plaintiff's arguments, <u>see</u> <u>Feinstein v. Moses</u>, 951 F.2d 16, 21 (1st Cir. 1991) (untimely motion under Rule 59(e) divests district court of jurisdiction to grant), and the time for filing the notice of appeal is tolled until the motion is resolved, <u>see</u> Rule 4(a)(4), Fed. R. App. P. Appellate review of a trial court's decision to deny a motion under Rule 59(e) is, however, limited to the "manifest abuse of discretion" standard. <u>See</u> <u>Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc.</u>, 37 F.3d 25, 27 (1st Cir. 1994).

Plaintiff's claims in the underlying action find their vitality in 42 U.S.C. § 1983 (1994). As ever, "liability under § 1983 requires not only state action but also an unconstitutional deprivation of rights." <u>Roche v. John Hancock Mut. Life Ins. Co.</u>, 81 F.3d ___, ___, slip op. at 10 (1st Cir. Apr. 16, 1996). Insofar as "'Rule 59(e) motions are aimed at <u>re</u>consideration, not initial consideration,'" <u>Falconer Glass</u>, <u>supra</u>, 37 F.3d at 29 (quoting <u>FDIC v. World Univ., Inc.</u>, 978 F.2d 10, 16 (1st Cir. 1992) (internal citations and quotations omitted in <u>Falconer</u>

2

<u>Glass</u>), such motions "'may not be used to argue a new legal theory,'" but rather "'must either clearly establish a manifest error of law or must present newly discovered evidence,'" <u>id.</u> (quoting <u>World Univ., Inc.</u>, <u>supra</u>, 978 F.2d at 16).

This litigation has followed a long, tortured, and erratic course since it was first filed in this court nearly four years ago. Having reviewed plaintiff's papers seeking reconsideration of the summary judgment order, the court finds and rules that no error of constitutional dimension can be culled from the copious evidence before it. This failing extinguishes plaintiff's claims, all of which are brought under section 1983.

Moreover, plaintiff's attempt to introduce the April 2, 1996, letter from Earl M. Sweeney, Director of the New Hampshire Police Standards and Training Council, to plaintiff's attorney actually proves too much. Director Sweeney's reference therein to the New Hampshire Attorney General's Law Enforcement Manual indicates that such volume was in plaintiff's possession and thus could not constitute "newly discovered evidence." <u>See</u> <u>Hayes v. Douglas Dynamics, Inc.</u>, 8 F.3d 88, 90 n.3 (1st Cir. 1993) (affirming denial of relief under Rule 59(e) where the information on which the movant relied was neither unknown nor unavailable when the opposition to summary judgment was filed), <u>cert. denied</u>, ___ U.S. ___, 114 S. Ct. 2133 (1994)

3

Having failed to identify a manifest error of law or the existence of "newly discovered" evidence, plaintiff's motion for reconsideration pursuant to Rule 59(e), Fed. R. Civ. P., must be and herewith is denied.

With respect to that portion of plaintiff's motion seeking relief from judgment and/or a new trial pursuant to Rule 60(b), Fed. R. Civ. P., the court begins by noting that "Rule 60(b) is a vehicle for 'extraordinary relief,'" and "motions invoking the rule should be granted 'only under exceptional circumstances.'" de la Torre v. Continental Ins. Co., 15 F.3d 12, 14-15 (1st Cir. 1994) (quoting Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir. 1986)). Accordingly, "district courts enjoy broad discretion in deciding motions brought under Rule 60(b)," and the appeals court will "review such rulings only for abuse of that discretion." Hoult v. Hoult, 57 F.3d 1, 3 (1st Cir. 1995) (citations omitted). Moreover, appellate "review is limited to the denial of the motion itself" and does not reach "the merits of the underlying judgment." Id. (citing Ojeda-Toro v. Rivera-Méndez, 853 F.2d 25, 28 (1st Cir. 1988)).

Plaintiff's motion employs subsections (2), (3), and (6) of Rule 60(b), Fed. R. Civ. P. "Rule 60(b)(2) gives the district court discretion to vacate a judgment based upon 'newly discovered evidence which by due diligence could not have been

4

discovered in time to move for a new trial under Rule 59(b).'" Holt, supra, 57 F.3d at 6 (quoting Rule 60(b)(2), Fed. R. Civ. P.). "Because Rule 60(b)(2) is aimed at correcting erroneous judgments based on the unobtainability of evidence, the burden is on the party presenting the new evidence to demonstrate that the missing evidence was '"of such a material and controlling nature as [would] probably [have] change[d] the outcome."'" Id. (quoting Anderson v. Cryovac, Inc., 862 F.2d 910, 924 n.10 (1st Cir. 1988) (quoting 7 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE ¶ 60.23[4], at 60-201 to 202 (2d ed. 1995) (footnote omitted))) (other citations omitted). As discussed in the context of its analysis under Rule 59(e), Fed. R. Civ. P., the Sweeney letter of April 2, 1996, fails to satisfy plaintiff's burden.

Plaintiff's second allegation under Rule 60(b) is that the Salem defendants withheld relevant discovery material and otherwise concealed evidence pertinent to the plaintiff's claims. Such allegation falls within the scope of subsection (3) to rule 60(b), which "permits relief for 'fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.'" Ojeda-Toro, supra, 853 F.2d at 29 (quoting Rule 60(b)(3), Fed. R. Civ. P.). Success under the rule will not be forthcoming, unless the "moving party [can] show fraud, misrepresentation, or other misconduct within the

5

intendment of 60(b)(3) and, normally, that he has a meritorious claim . . . ." MOORE'S FEDERAL PRACTICE, supra, ¶ 60.24[5], at 60-217. Moreover, the moving party on a Rule 60(b)(3), Fed. R. Civ. P., motion must demonstrate fraud by clear and convincing evidence and must further show that the fraud foreclosed full and fair preparation or presentation of the case. See Perez-Parez v. Popular Leasing Rental, Inc., 993 F.2d 281, 285 (1st Cir. 1993); MOORE'S FEDERAL PRACTICE, supra, ¶ 60.24[5], at 60-217.

In the First Circuit, "a party may not prevail on a Rule 60(b)(3) motion on the basis of fraud where he or she has access to disputed information or has knowledge of inaccuracies in an opponent's representations at the time of the alleged misconduct." Ojeda-Toro, supra, 853 F.2d at 29. Plaintiff's memorandum of law not only indicates that she had access to, as it is referenced in New Hampshire Revised Statutes Annotated (RSA) 7:6-a (1988), and knowledge of, the allegedly withheld discovery material, specifically the Attorney General's Law Enforcement Manual, but also fails to demonstrate how the deposition answers of the individual police officer defendants constitute fraud, misrepresentation, or other misconduct. More significantly, however, even if misconduct on the defendants' part is assumed arguendo, plaintiff absolutely fails to demonstrate how that alleged misconduct interfered with her

6

ability to prepare a defense to the summary judgment motions filed on defendants' behalf. Accordingly, the court finds and rules that plaintiff is not entitled to any relief under the auspices of Rule 60(b)(3), Fed. R. Civ. P.

Failing any entitlement to relief pursuant to subsections (2) and (3) of Rule 60(b), plaintiff makes a final, and general, claim for relief under subsection (6) of the rule, which authorizes the district court to relieve a party from a final judgment or order for "[a]ny other reason justifying relief from the operation of the judgment." Rule 60(b)(6), Fed. R. Civ. P. A motion under this rule "is addressed to the sound discretion of the district court." Mitchell v. Hobbs, 951 F.2d 417, 420 (1st Cir. 1991) (citations omitted).

Appellate inquiry into the denial of a motion brought pursuant to Rule 60(b)(6) is delimited to a determination of whether the denial was "due to the fact that 'a material factor deserving significant weight [was] ignored, . . . an improper factor [was] relied upon, or . . . all proper and no improper factors [were] assessed but the court ma[d]e[] a serious mistake in weighing them.'" Mitchell, supra, 951 F.2d at 420 (quoting Anderson v. Beatrice Foods Co., 900 F.2d 388, 394 (1st Cir.), cert. denied, 498 U.S. 891 (1990)) (other quotation omitted) (alterations in Mitchell).

7

Finding no exceptional circumstances justifying the relief herein sought, see Hoult, supra, 57 F.3d at 9, the court herewith finds and rules that Rule 60(b)(6) likewise fails to relieve plaintiff from the operation of the judgment entered in the cause sub judice. Accordingly, plaintiff's motion for reconsideration, relief from judgment, and new trial must be and herewith is denied in its entirety.

## Conclusion

For the reasons set forth herein, plaintiff's motion to strike (document 205) is granted and plaintiff's motion for reconsideration, relief from judgment, and new trial (document 201) is denied in its entirety.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

May 23, 1996

cc:  Paul McEachern, Esq.
     Wayne C. Beyer, Esq.
     Robert M. Larsen, Esq.
     Jonathan Katz, Esq.