**Juan Carlos AYALA RIOS, et al., Plaintiffs,**

**v.**

**Angel RIOS HERNANDEZ, et al., Defendants.**

**No. 95–1376 HL.**

United States District Court, D. Puerto Rico.

Sept. 28, 1999.

Roberto O. Maldonado-Nieves, San Juan, PR, for plaintiffs.

Ramon A. Alfaro-Alfaro, San Juan, PR, for defendants.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is a motion by Plaintiffs Juan Carlos Ayala Ríos, his wife María Milagros Nieves Cotto, and their conjugal partnership pursuant to Rules 59(e) and 60(b) to alter or amend the judgment entered in this case. Defendants are Angel Ríos Hernández, his wife Olga Rivera Vázquez, and their conjugal partnership. This case arises out of the sale of a restaurant by Defendants to Plaintiffs. Defendants had filed a motion for summary judgment. On November 4, 1998, Plaintiffs moved for an extension of time to oppose it. In a margin order dated November 5, 1998, the Court granted them until November 20, 1998, to file an opposition. The order also stated that "No further extensions shall be granted." [1] Plaintiffs did not file an opposition by this deadline. Instead, on November 30, 1998, after the deadline for filing an opposition had passed, they filed another motion for an additional extension of time.[2] In ruling on the motion, the Court pointed out that motions for an extension of time to file an opposition must be filed within the time period for filing the opposition; that Plaintiffs had failed to explain why they waited until ten days after the deadline had passed to request an additional extension; and that the Court's earlier order had stated that no additional extensions would be granted. The Court denied Plaintiffs' motion for an additional extension of time and deemed the motion for summary judgment to be unopposed.[3] The Court then granted Defendants' motion for summary judgment, ruling that there was no evidence that the trade name "Los Gorditos" was included in the sale of the restaurant.[4]

Plaintiffs responded with their present motion under Rules 59(e) and 60(b). Rule 60(b) is a motion for extraordinary relief and should be utilized only in exceptional circumstances. *de la Torre v. Continental Ins.,* 15 F.3d 12, 14–15 (1st Cir.1994). In their motion, Plaintiffs do not specify which subsection of Rule 60(b) they are invoking, but because they argue that their delay in seeking a motion for extension of time was excusable neglect, the Court will treat this as a motion under Rule 60(b)(1). The determination of whether a party's neglect has been excusable is an equitable one, and a court should consider all the relevant circum-

1. Docket no. 43.

2. Docket no. 44.

3. Docket no. 45.

4. Docket nos. 47 & 48.

stances involving the party's omission. *Pioneer Inv. Services v. Brunswick Associates,* 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993); *Pratt v. Philbrook,* 109 F.3d 18, 19 (1st Cir.1997). A court should take into consideration such factors as (1) the danger of prejudice to the party opposing the claim of excusable neglect; (2) the length of the delay and any possible impact on the judicial proceeding; (3) the reason for the delay and whether it was within the movant's reasonable control; and (4) whether the movant has acted in good faith. *Pioneer,* 507 U.S. at 395, 113 S.Ct. at 1498; *Pratt,* 109 F.3d at 19.

In the present case, there does not appear to be a risk of prejudice to Defendants. *See Pratt,* 109 F.3d at 22 (A party is not prejudiced merely by the fact that a case that it had already won would be reopened). And although the length of delay in this particular instance may not have been significant—Plaintiffs filed their opposition twelve days after the deadline—the record contains other examples of Plaintiffs' less than diligent attitude towards complying with the Court's deadlines. On four previous occasions, the Court was compelled to order Plaintiffs to show cause why they should not be sanctioned for failing to comply with orders to file informative motions with the Court. *See* docket nos. 11, 13, 23, 28. When viewed in the context of the history of this case, therefore, Plaintiffs' failure to timely file an opposition was one of a number of instances when they demonstrated a lackadaisical attitude towards the Court's deadlines and orders.

The third factor is the reason for the delay and whether Plaintiffs had some control over it. In their untimely motion for an extension of time, Plaintiffs claimed that they were delayed by damages caused by Hurricane Georges. They stated, "we lacked any electrical power for more than 30 days and after the service was restored we faced outages for several days." Docket no. 44. In their Rule 60(b) motion, they again claimed that they were suffering from sporadic power outages. The Court is fully cognizant of the damages caused by Hurricane Georges when it hit Puerto Rico in September 1998. The havoc it wreaked, however, did not give litigants carte blanche to disregard deadlines and orders. In their motions Plaintiffs do not claim that they were unaware of the Court's deadline for opposing the motion for summary judgment. Nor do they expressly state that they were without electricity during the period when the opposition was due. If a force majeure prevents a party from complying with a deadline, then a finding of excusable neglect would certainly be justified. *See Pioneer,* 507 U.S. at 394, 113 S.Ct. at 1498. In this case, however, the force majeure took place two months before the opposition was due. It may be that the office of Plaintiffs' counsel was still suffering the effects of Georges' devastation. Counsel does not explain why he did not communicate this problem with the Court via motion, facsimile, telephone, or in person. Any one of these relatively simple actions would have sufficed, had they been taken prior to the lapsing of the deadline. Instead, Plaintiffs chose to wait until after the deadline had passed to seek additional time. A party that chooses this course, does so at his own risk. *Cf. United States v. Hernandez,* 146 F.3d 30, 35 (1st Cir.1998) (A party disregards court-made restrictions at its own peril); *Tyler v. Runyon,* 70 F.3d 458, 466 n. 9 (7th Cir.1995) (A party that follows its own schedule may not complain when the court decides to enforce its deadlines). Accordingly, the Court finds that Plaintiffs' delay was not justified. In making this ruling, the Court in no way seeks to minimize or disregard the effect that Georges had on this island. Rather, the Court holds only that Plaintiffs should have communicated their plight to the Court during the time set forth by the Court in its order of November 5, 1998.

The fourth factor to consider is any bad faith by the movant. Here there is no evidence of bad faith. As discussed above, however, Plaintiffs have demonstrated in this case a less than diligent attitude towards the Court's orders. Because there is no indication that this attitude was intentional, the Court will not consider this factor to favor either side. Of the remaining three factors, the first one—the existence of prejudice—favors Plaintiffs. The factor regarding reason for the delay disfavors Plaintiffs, and the

factor on length of delay disfavors Plaintiffs when considered in the context of all the proceedings in this case. Based on all of these factors, the Court concludes that a finding of excusable neglect would not be justified.[5]

Plaintiffs face a second obstacle. One of the requisites for relief under Rule 60(b) is a showing that vacating the judgment would not be a pointless exercise. *Teamsters, Chauffeurs Local No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 20 (1st Cir.1992); *United States v. Proceeds of Sale of 3,888 Pounds Atlantic Sea Scallops*, 857 F.2d 46, 48 (1st Cir.1988). In their complaint for breach of contract, Plaintiffs allege that their agreement to purchase the restaurant from Angel included the trade name "Los Gorditos" and that Angel Ríos Hernández misrepresented to them that he was in fact the owner of the name. The deed of sale of the restaurant, however, makes no mention of the name.[6] Plaintiffs allege that it was the parties' intention to include the name in the transaction. Because the written agreement does not mention the name, the issue of whether it was part of the sale would have to be established by reference to evidence outside the contract. When an agreement's terms are clear and unambiguous, a court should not consider parol evidence as to the agreement's meaning. *Borschow Hosp. and Medical Supplies v. Cesar Castillo, Inc.*, 96 F.3d 10, 15 (1st Cir.1996); *Vulcan Tools of Puerto Rico v. Makita USA, Inc.*, 23 F.3d 564, 567 (1st Cir.1994); *Mercado-Garcia v. Ponce Federal Bank*, 979 F.2d 890, 894 (1st Cir.1992). Here there is no such ambiguity; the deed clearly provides for the sale of the property. Additionally, the mortgage note included in the agreement states that the deed constitutes the entire contract between the parties.[7] When an agreement states that it constitutes the full agreement between the parties, there is little room for considering outside evidence. *Borschow*, 96 F.3d at 16. Because the deed is not ambiguous, does not mention the name in the sale of the restaurant, and contains an integration clause, the Court may not consider extrinsic evidence in determining its meaning. Thus, there is no evidence that the name "Los Gorditos" was included in the sale, and Plaintiffs have failed to show that vacating the judgment would be anything but an empty exercise. Based on all of the above, the Court denies Plaintiffs' motion for relief under Rule 60(b)(1).

WHEREFORE, the Court hereby denies Plaintiffs' motion to alter or amend the judgment (docket no. 49).[8]

**IT IS SO ORDERED.**

5. Although it is not clearly stated in their motion for relief, Plaintiffs seem to also be seeking relief under Rule 60(b)(6). This rule may not be invoked, however, when the movant has also sought the protection of one of the first five subsections of Rule 60(b). *Simon v. Navon*, 116 F.3d 1, 5 (1st Cir.1997); *de la Torre*, 15 F.3d at 15–16 n. 5. An exception may be made for this rule in the event of extraordinary circumstances. *Simon*, 116 F.3d at 5. No such circumstances exist in the present case. Accordingly, the Court will consider Plaintiffs' Rule 60(b) motion to be one pursuant to Rule 60(b)(1) only.

6. Docket no. 40, exhibit IX.

7. Docket no. 40, exhibit IX, at 6.

8. Plaintiffs also sought relief under Rule 59(e), A motion under this rule may be granted in the event of (1) newly discovered evidence, (2) an intervening change in the law, or (3) the trial court's commission of a manifest error of law or fact. *Nat'l Metal Finishing v. BarclaysAmerican*, 899 F.2d 119, 124 & n. 2 (1st Cir.1990). Plaintiffs offer no new evidence or claim that there has been an intervening change in the law. Thus, their only grounds under this rule would be to show that the Court has committed a manifest error of law or fact. The Court's Rule 59(e) analysis under this third ground for relief would essentially track its Rule 60(b) analysis at page 41 above on whether vacating the judgment would be a pointless exercise. The Court need not rehash this reasoning. For the same reasons that the Court held that vacating the judgment would be a pointless exercise, it denies Plaintiffs' request for relief under Rule 59(e).