Kingvision v. Rocca                    CV-00-407-JD  03/19/02
                UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE


Kingvision Pay-Per-View, Ltd.

      v.                              Civil No. 00-407-JD
                                      Opinion No. 2002 DNH 061
John L. Rocca, et al.


                            O R D E R

      Pursuant to Federal Rule of Civil Procedure 60(b)(1), the

plaintiff, Kingvision Pay-Per-View Ltd., brings a motion to

vacate summary judgment based on the excusable neglect of prior

counsel.  The defendants did not respond.


                           Background

      The plaintiff entered into a licensing agreement with Don

King Productions for the exclusive rights to distribute the

November 8, 1997, Holyfield/Moorer boxing match to all commercial

establishments in New Hampshire, among other places.  The

defendants own On the Rocks, a restaurant and bar in Manchester,

New Hampshire.  The defendants did not purchase rights from the

plaintiff to broadcast the fight, yet the fight was seen at On

the Rocks on the evening of November 8, 1997.  The defendants

assert that the fight was broadcast by use of a residential cable

box.  The plaintiff brought suit against the defendants, alleging

willful violations of 47 U.S.C. § 553, § 605(a), and § 605(e)(3),

as well as common-law claims of breach of contract and breach of implied contract.

The defendants moved for summary judgment on the statutory violations, arguing that § 605 does not regulate their alleged actions, and that the plaintiff lacks standing to sue under either § 553 or § 605. In support of its arguments, the defendants asserted that the plaintiff does not transmit its events via coaxial cables, does not provide its events to commercial establishments via local cable companies, and did not have any agreement with Media One regarding the fight. The defendants submitted a letter from Wayne Lonstein, one of the plaintiff's attorneys, confirming those facts. The plaintiff did not dispute these facts in its opposition to the motion. The plaintiff also filed a cross-motion for summary judgment on the statutory claims, incorporating the facts stated above. While the motions were still pending, the parties filed a joint final pretrial statement that included a written stipulation of uncontested facts. The stipulation states that the plaintiff provides its broadcasts to commercial establishments via satellite or direct broadcast satellite systems, and it does not provide broadcasts through, or contract with, local cable companies.

On January 2, 2002, the court granted summary judgment in

2

favor of the defendants, holding that § 605 did not apply to the defendants' actions, and that the plaintiff did not have standing to sue under § 553. The plaintiff's cross-motion was subsequently denied. The parties participated in a pretrial conference, and on January 11, 2002, the parties notified the court that they had reached a settlement.[1] On February 13, 2002, the plaintiff, represented by new counsel, filed a motion to vacate the summary judgment order.

## Discussion

The plaintiff argues that its prior counsel, the Lonstein Law Office, inadvertently failed to dispute certain material facts asserted by the defendants that would have established the plaintiff's standing to sue under § 553. Specifically, the plaintiff now asserts that the facts concerning the plaintiff's transmission of broadcasts confirmed by Wayne Lonstein and undisputed throughout the summary judgment proceedings are not correct. The plaintiff argues that prior counsel's oversight is excusable neglect, and that the court should vacate its summary judgment ruling.

---

[1] Trial was scheduled for the week of January 22, 2002.

"[T]he court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "[M]otions brought under Rule 60(b) are committed to the district court's sound discretion." Torre v. Continental Ins. Co., 15 F.3d 12, 14 (1st Cir. 1994). According to First Circuit precedent, Rule 60(b) is "'a vehicle for 'extraordinary relief,'" and therefore "'motions invoking the rule should be granted only under exceptional circumstances.'" Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe, 257 F.3d 58, 63-64 (1st Cir. 2001), quoting Torre, 15 F.3d at 14-15 (quotations omitted).

As a general rule, a party is held accountable for the acts and omissions of its counsel, and each party is considered to have "notice of all facts." Link v. Wabash R. Co., 370 U.S. 626, 633-34 (1962), quoted in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 396-97 (1993).[2] In its discretion, however, a court may vacate a judgment based on the excusable neglect of counsel. See Pioneer, 507 U.S. at 394 (holding that excusable neglect may be found where counsel miss

---

[2] Although Pioneer involved bankruptcy deadlines, the Supreme Court emphasized its test for "excusable neglect" was intended to extend beyond the bankruptcy context. See Pratt v. Philbrook, 109 F.3d 18, 19 & n.1 (1st Cir. 1997) (applying Pioneer test to Rule 60(b) motion).

4

filing deadlines due to their own negligence); <u>Graphic Communications Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc.</u>, 270 F.3d 1, 5-6 (1st Cir. 2001); <u>Pratt</u>, 109 F.3d at 19 (stating that courts would be permitted to accept late filings caused by inadvertence, mistake, or carelessness). Neglect must be excusable, however, to justify vacating a judgment. <u>See</u> <u>Pioneer</u>, 507 U.S. at 395; <u>Graphic</u>, 270 F.3d at 5-6. "[The] evaluation of what constitutes excusable neglect is an equitable determination, taking into account the entire facts and circumstances surrounding the party's omission. . . ." <u>Davila-Alvarez</u>, 257 F.3d at 64, <u>citing</u> <u>Pioneer</u>, 507 U.S. at 395. Factors considered by the court include the danger of prejudice to the non-movant, the length of the delay, the reason for the delay, and whether the movant acted in good faith. <u>Id</u>. The plaintiff argues that all of these factors weigh in favor of vacating the judgment.

To support its contention, the plaintiff submits the affidavits of Skip Klauber, attorney-in-fact for the plaintiff, and Julie Cohen Lonstein of the Lonstein Law Office. Julie Lonstein affirms that: "Due to an oversight, my firm failed to dispute these factual assertions which are, in fact, incorrect." (Lonstein Aff. at ¶2.) Klauber states that the plaintiff "did not have an opportunity to review the summary judgment opposition

5

papers, containing the factual errors, before they were filed."
(Klauber Aff. at ¶5.)  He states that when he reviewed the
summary judgment order from the court, he realized that the
court's conclusions rested on an incomplete and erroneous record
which directly resulted from prior counsel's "inadvertent failure
to put material facts before the court."  (Klauber Aff. at ¶7.)

Unlike the bulk of cases decided pursuant to Rule 60(b)(1),
the mistake argued by the plaintiff does not involve a procedural
deadline.  Cf., e.g., Pioneer, 507 U.S. at 394-95 (filing
deadline); Graphic, 270 F.3d at 2-3 (filing deadline);  Davila-
Alvarez, 257 F.3d at 64 (failure to prosecute); Pratt, 109 F.3d
at 18-19 (settlement notification deadline); Torre, 15 F.3d at
14-15 (filing deadline).  The plaintiff argues that its prior
counsel's failure to effectively oppose the defendants' summary
judgment motion on its merits constitutes neglect that could be
excused under Rule 60(b)(1).  However, the plaintiff does not
point to any First Circuit precedent to support its argument, and
the court has found no authority to suggest that a Rule 60
vacateur would be appropriate in these circumstances.  See
Warfield v. AlliedSignal TBS Holdings, Inc., 267 F.3d 538, 543
(6th Cir. 2001) (rejecting vacateur of dismissal where plaintiff
did not provide reason for her failure to know all the obtainable
facts before her voluntary dismissal); Lavaspere v. Niagara Mach.

6

& Tool Works, 910 F.2d 167, 173 (5th Cir. 1990) (suggesting that it would be abuse of discretion for district court to grant Rule 60(b)(1) motion based on party's failure, through carelessness, to submit evidence in timely manner), cited in Torre, 15 F.3d at 15-16.

A party asserting excusable neglect must give a satisfactory explanation for the neglect. See Pioneer, 507 U.S. at 395; Graphic, 270 F.3d at 5; Hospital de Maestro v. Nat'l Labor Relations Bd., 263 F.3d 173, 175 (1st Cir. 2001) (noting that "the excuse given for the late filing must have the greatest import" among the factors considered by the court). Here, the plaintiff provides no excuse. The plaintiff had ample opportunity in its objection to defendants' motion for summary judgment and in its cross-motion for summary judgment to contest defendants' factual allegations and to present its own version of the facts. Klauber affirms that the plaintiff did not have an opportunity to review the summary judgment papers prior to filing. This may explain why the plaintiff failed to oppose the motion effectively but it is no excuse since a plaintiff who has chosen counsel for representation "cannot avoid the consequences of the acts or omissions of his freely selected agent." Pioneer, 507 U.S. at 397, quoting Link, 370 U.S. at 633-34. To the extent that Klauber's statement may be construed as an excuse, it

7

carries little weight.  See id.; Hospital de Maestro, 263 F.3d at 175.  Lonstein affirms that her firm "failed" to dispute certain factual allegations due to "oversight."  Again, this may explain why the failure occurred but it certainly does not amount to an excuse for the failure.

The court concludes that the plaintiff has not articulated any sufficient reason to excuse the failure of prior counsel to dispute certain material facts in the defendants' summary judgment motion.  Prior counsel had a duty to consult with the plaintiff after the defendants' summary judgment motion was filed and to prepare an informed objection and cross-motion setting forth any disputed material facts.  For reasons that have not been provided, counsel failed to perform this very basic duty.  The United States Court of Appeals for the First Circuit stated, in the context of a procedural failure, "When there is no proffered reason that would justify, or even plausibly explain, [a] misreading of the rules," even a favorable outcome on the remaining Pioneer factors does not excuse the party's oversight.  See Hospital de Maestro, 263 F.3d at 175.  The same reasoning applies to the facts of this case.  While prior counsel's negligence may have resulted in unfortunate consequences for the plaintiff, the plaintiff has failed to carry its burden of showing that the negligence was excusable and therefore warrants

8

the extraordinary relief provided for under Rule 60(b)(1). The court declines to exercise its discretion under these circumstances to vacate the summary judgment order.

### Conclusion

For the foregoing reasons, the plaintiff's motion to vacate (document no. 35) is denied. The parties are ordered to submit settlement documents by March 28, 2002. No extensions will be granted.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

March 19, 2002

cc: Julie Cohen Lonstein, Esquire
    Gregory W. Swope, Esquire
    Dan A. Rosenbaum, Esquire
    Roy W. Tilsley Jr., Esquire

9