# United States Court of Appeals
## For the First Circuit

No. 00-1620

HOSPITAL DEL MAESTRO,

Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER

OF THE NATIONAL LABOR RELATIONS BOARD

Before

Boudin, Chief Judge,

Torruella and Selya, Circuit Judges.

James W. McCartney, with whom Cancio, Nadal, Rivera, Díaz & Berríos were on brief, for petitioner.
James M. Oleske, with whom Linda Dreeben, Assistant General Counsel and Julie F. Marcus, Attorney, were on brief, for respondent.

August 20, 2001

**Per curiam**. This case came before the National Labor Relations Board (the "Board") on unfair labor practice charges filed by Rosa Berríos and the Federación Puertorriqueña de Trabajadores and on the issuance of a consolidated complaint by the Board's Puerto Rico regional office. After a two-day hearing, an administrative law judge issued a decision finding that petitioner Hospital del Maestro (the "Hospital") had violated Section 8(a)(1) of the National Labor Relations Act (the "Act"), 29 U.S.C. §§ 151 et seq., and recommended that the Board enter a remedial order.

On February 4, 2000, the Board issued an order transferring the case to itself. The order, which was served on the Hospital and its counsel, stated that exceptions to the decision of the administrative law judge were to be received by the Board on or before March 3, 2000. Attached to the order were excerpts from the Board's rules and regulations relating to the filing of exceptions. These rules, which include the computation of time for filing, state the following:

> [T]he Board will accept as timely filed any document which is hand delivered to the Board on or before the official closing time of the receiving office on the due date or postmarked on the day before (or earlier than) the due date; documents which are postmarked on or after the due date are untimely. "Postmarking" shall include timely depositing the document with a delivery service that will provide a record showing that the document was tendered to the delivery service in sufficient time for delivery

> by the due date, but in no event later than the day before the due date . . . .

N.L.R.B. Rule § 102.111(b).  The rules further state that documents may be filed after the time prescribed therein "only upon good cause shown based on excusable neglect and when no undue prejudice would result." Id. § 102.111(c).

On February 8, 2000, the Hospital requested an extension of time in which to file its exceptions to the judge's decision and recommended order.  The Board granted the Hospital an extension until March 10, 2000.  On March 9, 2000, the Hospital again requested an extension of time, specifically requesting a due date of March 14, 2000.  The Board granted the request, notifying the Hospital by letter that the "[d]ate for receipt of exceptions and brief in Washington, DC is extended to March 14, 2000."

On March 14, 2000, the Hospital mailed to the Board, by Federal Express overnight delivery, its exceptions to the judge's decision and recommended order.  The Board received the documents on March 15.  That same day, the Board sent a letter advising the Hospital that, under the provisions of § 102.111 of the Board's rules, the exceptions were "untimely and [could not] be forwarded to the Board for consideration."  On March 28, 2000, the Hospital filed a motion with the Board to accept its exceptions out of time, stating as its reason for delay that it had "misunderstood that the effective date of filing

-3-

corresponded to the day that the Exceptions were notified by mail [sic]." On April 5, 2000, the Board denied the Hospital's motion, stating that "[t]he reasons provided for the late filing [did] not rise to the level of excusable neglect." The Board thereafter adopted pro forma the findings, conclusions, and recommended order of the administrative law judge. See 29 U.S.C. § 160(c),(e).

In Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993), the Supreme Court examined the phrase "excusable neglect," noting that it is "a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Id. at 392.[1] The Court concluded that the determination should take into account "all relevant circumstances," including the "the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, . . . and whether the movant acted in good faith." Id. at 395. The Hospital argues that the Board failed to consider all of these factors and thus erroneously denied its late filing. We review the Board's decision for an abuse of discretion. Fall River Sav. Bank v. NLRB, 649 F.2d 50, 56 (1st Cir. 1981); Melrose-Wakefield Hosp. Ass'n v. NLRB, 615 F.2d 563, 567 (1st Cir. 1980).

---

[1] Although Pioneer involved the bankruptcy rules, we have acknowledged that the Court's analysis provides guidance in other contexts. See Pratt v. Philbrook, 109 F.3d 18, 19 (1st Cir. 1997).

The Hospital concedes that under the Board's rules, its exceptions were required to be received on or before March 14, 2000, or at least postmarked prior to that date. Its only justification for having misunderstood those requirements, moreover, is the apparent paradox that a mailing postmarked before March 14 but received more than one day late would be considered timely, while a mailing postmarked on the due date and received the next day would not. The Hospital does indeed highlight a possible effect of the Board's rules. However, it does not come close to explaining how this hypothetical outcome rendered the rule itself unclear or ambiguous. We have no basis for finding the Hospital's neglect "excusable" when there is no proffered reason that would justify, or even plausibly explain, its misreading of the rules. See Mirpuri v. ACT Manufacturing, Inc., 212 F.3d 624, 631 (1st Cir. 2000) ("A misunderstanding that occurs because a party (or his counsel) elects to read the clear, unambiguous [rules] . . . through rose-colored glasses cannot constitute excusable neglect.").

The Hospital argues that the other factors delineated in Pioneer nevertheless tip the balance in its favor. It is true that the delay in this case was only one day and that there was little danger of prejudice to the other party. We may assume, moreover, that the delay did not negatively impact the Board's proceedings and that the Hospital acted in good faith. All of these taken together, however, would still

-5-

not excuse an otherwise unjustified failure to abide by the Board's deadline.  As the Eighth Circuit has correctly observed,

> The four <u>Pioneer</u> factors do not carry equal weight; the excuse given for the late filing must have the greatest import.  While prejudice, length of delay, and good faith might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry. . . . [A]t the end of the day, the focus must be upon the nature of the neglect.

<u>Lowry</u> v. <u>McDonnell Douglas Corp.</u>, 211 F.3d 457, 463 (8th Cir. 2000).  As we have already noted, the Hospital has offered no pardonable reason why it misconstrued the plain, unambiguous meaning of the Board's rules.  The favorable juxtaposition of the other <u>Pioneer</u> factors does not, therefore, excuse the Hospital's oversight.  We conclude that the Board did not abuse its discretion in finding that the Hospital's stated reason for its untimely filing did not rise to the level of "excusable neglect."

**Affirmed**.