Adalina De–Jesus–Morales, Charles S. Hey–Maestre, Rio Piedras, PR, Santiago Mari–Roca, Biaggi, Busquets & Mari Roca, Mayaguez, PR, for Plaintiffs.

Eileen Landron–Guardiola, Eduardo A. Vera–Ramirez, Landron & Vera LLP, Jacqueline N. Font–Guzman, San Juan, PR, Johanna M. Emmanuelli–Huertas, Pedro Ortiz Alvarez Law Offices, Ponce, PR, Juan R. Gonzalez–Munoz, Gonzalez Munoz Law Office, PSC, San Juan, PR, for Defendants.

Astrid **RAMIREZ QUILES,** Plaintiff,

v.

**CONSORCIO DEL SUROESTE,**
et al., Defendants.

Civ. No. 98–1138(JAG).

United States District Court,
D. Puerto Rico.

June 24, 2002.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On May 10, 2002, the Court ordered plaintiff Astrid Ramirez Quiles ("Ramirez Quiles") to show cause why it should not dismiss the case, given Magistrate–Judge Justo Arenas's prior rulings (Docket Nos. 97, 98), her failure to file any objections pursuant to Local Rule 510.2, and the Court's Order adopting the Magistrate–Judge's recommendations. (Docket No. 112.) On May 30, 2002, Ramirez Quiles filed a motion asking the Court to reconsider its May 10, 2002 order pursuant to Fed.R.Civ.P. 60. For the reasons stated

below, the Court denies the motion, and dismisses the Complaint.

## FACTUAL BACKGROUND

On October 23, 2001, Magistrate–Judge Arenas issued two reports and recommendations on defendants's motions for summary judgment. (Docket Nos. 97, 98.) With respect to defendant Ceferino Pacheco Guidicelli, the Magistrate–Judge concluded, *inter alia*, that Ramirez Quiles's federal claim, brought pursuant to 42 U.S.C. § 1983, was barred by the applicable statute of limitations. (Docket No. 98 at 6–7.) With respect to defendant Consorcio del Suroeste ("Consorcio"), the Magistrate–Judge granted the motion in part and denied it in part. (Docket No. 97.)

On October 25, 2001, defendants Municipality of Hormigueros and Francisco Rivera Toro filed timely objections to the Magistrate–Judge's reports. They argued that on August 23, 2001 they had filed a motion adopting their co-defendants's legal arguments. (Docket No. 91.) They therefore requested that the Court make the Magistrate–Judge's dispositive rulings applicable to them. (Docket No. 100.) Ramirez Quiles filed no objections to either report.

On November 8, 2001, Rick Nemcik, counsel for Ramirez Quiles filed a "Motion to Terminate Representation," in which he requested leave of Court to withdraw as Ramirez Quiles's legal representative.[1] (Docket No. 102.) On December 14, 2001, the Court granted the motion, and gave Ramirez Quiles until January 18, 2002 to retain new counsel. (Docket No. 103.) Ramirez Quiles did not do so, however, and on February 19, 2002, the Court gave her five days to have successor counsel enter an appearance. (Docket No. 104.) On February 28, 2002, attorneys Charles Hey–Maestre and Adalina de Jesus Morales entered an appearance on Ramirez Quiles's behalf. (Docket No. 105.)

On May 10, 2002, the Court issued an order regarding the defendants's objections to the reports and recommendations. (Dock-

et No. 112.) The Court noted that Ramirez Quiles "ha[d] not filed an opposition or otherwise filed objections to the Magistrate–Judge's adverse rulings against her." *Id.* at 1. In light of Ramirez Quiles's failure to file timely objections pursuant to Local Rule 510.2, the Court expressly adopted the Magistrate–Judge's recommendations as applied to her. With respect to the defendants's objections, the Court accepted them and amended the report and recommendation to have the Magistrate–Judge's rulings apply to the objecting defendants. Moreover, in light of the Magistrate–Judge's ruling regarding Ramirez Quiles's failure to file her Complaint within the one-year statute of limitations provided by 42 U.S.C. § 1983 (coupled with her failure to object), the Court ordered Ramirez Quiles to show cause why the Court should not dismiss that federal claim with prejudice.

On May 30, 2002, Ramirez Quiles filed a "Motion in Compliance With Court Order . . ." (Docket No. 122), in which she proffered an explanation for her failure to comply with the Court's rules and requested relief pursuant to Fed.R.Civ.P. 60(b). Ramirez Quiles argued that the Court should not dismiss the case, and should instead reconsider its May 10, 2002 order because (1) the Magistrate–Judge erroneously concluded that she had failed to file her Complaint within the one-year statute of limitations, and (2) there was "excusable neglect," since she lost two attorneys "in rapid succession" shortly after the Magistrate–Judge issued its rulings. As a result, she contends, she was unable to file timely objections or otherwise submit her position to the Court prior to its ruling.

On June 4, 2002, defendants Municipality of Hormigueros and Francisco Rivera Toro filed an opposition to Ramirez Quiles's motion, asking the Court to uphold the substantive rulings and to dismiss the federal claim in its entirety.

## DISCUSSION

Pursuant to Local Rule 510.2, a party must file written objections to the Magistrate–

---

**1.** Attorney Lissette Marin Aponte, who also represented Ramirez Quiles, had filed an earlier motion to withdraw (Docket No. 87); she stated in her motion that attorney Santiago Mari Roca would remain as Ramirez Quiles's counsel. The Magistrate–Judge granted the motion on October 29, 2001. (Docket No. 101.)

Judge's report and recommendation within ten days, and "[f]ailure to raise objections ... waives the party's right to review in the district court...." *Davet v. Maccarone,* 973 F.2d 22, 31 (1st Cir.1992); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir.1980)("a party 'may' file objections within [the specified time] or he may not, but he 'shall' do so if he wishes further consideration"). In the reports, the Magistrate–Judge expressly warned the parties that failure to file objections to the reports within ten days would "preclude[ ] further appellate review." *See, e.g.,* Docket No. 98 at 9; *see also Sands v. Ridefilm Corp.,* 212 F.3d 657, 663 (1st Cir.2000)(requiring all Magistrate–Judges to include statements regarding the consequences of failing to file timely objections). Ramirez Quiles concedes that she did not file timely objections to either report; accordingly, she has waived her right to further appellate review.

Ramirez Quiles contends, however, that the Court should reconsider its ruling under Fed.R.Civ.P. 60(b) given her counsel's "excusable neglect" in filing timely objections (or, alternatively, a timely opposition to defendants's objections) and preserving her right to appeal the Magistrate–Judge's ruling. Federal Rule of Civil Procedure 60(b)(1) allows the Court to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." [2] *Davila–Alvarez v. Escuela de Medicina Universidad Central del Caribe,* 257 F.3d 58, 63 (1st Cir.2001). "Although many courts have indicated that Rule 60(b) motions should be granted liberally, this Circuit has taken a harsher tack." *Id.* Since Rule 60(b) provides for "extraordinary relief," Courts in this Circuit should grant motions brought under this rule "only under exceptional circumstances." *Torre v. Continental Ins. Co.,* 15 F.3d 12, 14–15 (1st Cir.1994)(*quoting Lepore v. Vidockler,* 792 F.2d 272, 274 (1st Cir.1986)).

The Court's evaluation of what constitutes excusable neglect is an equitable determination that takes into account "the entire facts and circumstances surrounding the party's omission, including factors such as the danger of prejudice to the non-movant, the length of the delay, the reason for the delay, and whether the movant acted in good faith." [3] *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). When a party provides no pardonable reason to justify its failure to comply with the rules, however, there is no basis for finding its neglect "excusable." *Mirpuri v. ACT Mfg., Inc.,* 212 F.3d 624, 631 (1st Cir. 2000).

Ramirez Quiles has provided no excusable reason for failing to file timely objections to the report and recommendation. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Graphic Comms. Int'l Union, Local 12–N v. Quebecor Printing Providence, Inc.,* 270 F.3d 1, 6 (1st Cir.2001)(*citing Pioneer,* 507 U.S. at 392, 113 S.Ct. 1489). Ramirez Quiles contends that she lost two of her attorneys "in rapid succession" following the issuance of the report and recommendation, and that successor counsel received an incomplete case file that prevented them from discerning "what claims were still standing and what motions were pending." (Docket No. 122 at 5.) Her proffered reasons may explain her neglect, but they do not make her omissions excusable. The Magistrate–Judge issued its reports on October 23, 2001. Counsel for Ramirez Quiles did not seek permission to withdraw until November 8, 2001, and the Court did not grant the motion to withdraw until *December 14, 2001.* Until then, Ramirez Quiles's counsel was required to fulfill his obligations on her behalf.

**2.** Here, of course, the Court has yet to enter final judgment. Given Ramirez Quiles's waiver, however, final judgment would have entered shortly after her failure to show cause why the case should not be dismissed, and judgment entered, for her failure to file timely objections to the report and recommendation. Since Ramirez Quiles's motion appears to have anticipated such

a ruling, the Court will reach the issue in the interest of judicial economy.

**3.** Although *Pioneer* involved the bankruptcy rules, the First Circuit has expressly held that the Supreme Court's analysis provides guidance in other contexts. *See, e.g., Pratt v. Philbrook,* 109 F.3d 18, 19 (1st Cir.1997).

Instead of asking for an enlargement of time to file objections, for example, Ramirez Quiles's counsel did nothing. As a result, the time for filing objections elapsed.

When successor counsel entered an appearance on February 28, 2002, they merely asked the Court to have all subsequent orders issued to them. (Docket No. 105.) They did not ask then, or at any time prior to the issuance of the Court's May 10, 2002 order, for a special extension of time to oppose the defendants's objections, or for an opportunity to object to the Magistrate–Judge's reports. Moreover, their motion failed to inform the Court that they had received an incomplete file. Indeed, the record remained silent on this score until the Court issued its ruling on May 10, 2002. Only then did Ramirez Quiles's counsel reveal that it had received an incomplete case file. Even assuming that the Court would have been favorably disposed to look at a request for an extension, counsel's failure to inform the Court of their situation is simply inexcusable.

The Court finds that Ramirez Quiles's prior and successor counsel's failure to communicate with the Court and express *even an intent* to raise the arguments she now wishes to make both inexplicable and inexcusable. Neither her prior counsel's request to withdraw (and his inaction in allowing the period for filing objections to elapse) nor her successor counsel's problems in locating the complete case file relieve her from her obligation to comply with the Court's plain and unambiguous rules. *Hospital del Maestro v. NLRB*, 263 F.3d 173, 175 (1st Cir.2001)(denying excusable neglect claim where appellant filed exceptions to an administrative law judge's decision *one day late*, as a result of counsel's misreading of the rule); *Ojeda–Toro v. Rivera–Mendez*, 853 F.2d 25, 30 (1st Cir.1988)(noting that changes in counsel do not relieve a litigant from liability for previous counsel's inexcusable neglect); *Torre*, 15

F.3d at 15 (litigant's failure to take simple step of alerting court to ongoing negotiations and request postponement of imminent deadlines was inexcusable neglect); *Miranda v. American Airlines*, 176 F.R.D. 438, 440–41 (D.P.R.1998)(personal problems of counsel do not constitute excusable neglect). Not even the "favorable juxtaposition" of the remaining *Pioneer* factors can serve to excuse Ramirez Quiles's oversight.[4] *Hospital del Maestro*, 263 F.3d at 175 ("[t]he four Pioneer factors do not carry equal weight; the excuse given for the late filing must have the greatest import"). Accordingly, the Court *denies* her motion.

### CONCLUSION

For the foregoing reasons, the Court denies Ramirez Quiles's *motion for reconsideration* and under Fed.R.Civ.P. 60(b). The Court will enter judgment dismissing the Complaint's federal claim in its entirety. The Court will dismiss the state law claims without prejudice, pursuant to 28 U.S.C. 1367.

IT IS SO ORDERED.

---

4. Ramirez Quiles took issue of the Magistrate–Judge's substantive ruling on the statute of limitations issue as potential grounds for reconsideration. Given that this issue was not properly raised before, and that Ramirez Quiles has waived her right to appeal, the Court is loath to address it at any length. The Court simply notes that its *de novo* review of the record, particularly of Ramirez Quiles's deposition, provides ample support for the Magistrate–Judge's conclusion that she learned of defendants's decision to terminate her employment more than one year prior to her February 13, 1998 filing date. Accordingly, even if the Court were inclined to make a substantive ruling on the issue, it would likely be adverse to Ramirez Quiles.