**Peter A. DIMMITT, Jr., Plaintiff,**

v.

**Albert OCKENFELS, et al., Defendants.**

**No. 03–170–P–DMC.**

United States District Court,
D. Maine.

Feb. 4, 2004.

Charles T. Ferris, Waterville, ME, Christopher E. MacLean, MacLean & MacLean LLC, Camden, ME, for Plaintiff.

Edward R. Benjamin, Jr., Thompson & Bowie, Portland, ME, Michael J. Schmidt, Wheeler & Arey, P.A., Waterville, ME, for Defendants.

### MEMORANDUM DECISION ON PLAINTIFF'S MOTIONS TO ALLOW LATE FILING AND TO EXTEND TIME UNDER FED. R. CIV. P. 56(f) [1]

DAVID M. COHEN, United States Magistrate Judge.

The plaintiff, Peter Dimmitt, Jr., moves the court to allow him to file his opposition to

---

1. Pursuant to 28 U.S.C. § 636(c), the parties have consented to have United States Magistrate Judge David M. Cohen conduct all proceedings

the statement of material facts filed by the defendants in support of their pending motion for summary judgment in accordance with this court's Local Rule 56 well after the deadline for filing such opposition and to extend the time in which he might file the affidavits of two witnesses in support of that opposition and his own statement of material facts. I deny the first motion and grant the second in part.

The complaint in this action, which was removed by the defendants from the Maine Superior Court on July 7, 2003, Docket No. 1, alleges federal constitutional and state-law causes of action against three Rockland, Maine police officers, a major in the Knox County Sheriff's Department, the chief of police in Rockland, the sheriff of Knox County, the Town of Rockland and Knox County. Complaint and Demand for a Jury Trial (attached to Docket No. 2). The police officers, chief and town ("the town defendants") filed a motion for summary judgment on December 9, 2003. Docket No. 11. The plaintiff filed an opposition to this motion on December 30, 2003, the deadline date for a response. Docket No. 19. In their reply, the town defendants noted, *inter alia*, that the plaintiff had filed no response to their statement of material facts, as required by this court's Local Rule 56(c), Defendants' [sic] Town of Rockland, Alfred Ockenfels, Matthew Lindahl and John Bagley's Reply Memorandum, etc. (Docket No. 24) at 1, although he had filed a separate statement of material facts which can only be construed as the document contemplated by Local Rule 56(d), Docket No. 20. Thus alerted to his omission, counsel for the plaintiff filed a motion for leave to file the Rule 56(c) opposition late. Motion to Allow Late Filing of Plaintiff's Opposing Statement of Material Facts, etc. ("First Motion") (Docket No. 27).

The town defendants also filed a motion to strike certain portions of the plaintiff's Rule 56(d) statement of material facts on the grounds, *inter alia*, that the citations provid-

ed in support of some of the paragraphs constituted inadmissible hearsay. Defendants' Motion to Strike Portions of Plaintiff's Statement of Material Facts Not in Dispute, etc. (Docket No. 22) at 2–4. Thus alerted to another apparent deficiency in his submissions, counsel for the plaintiff filed a motion, purportedly pursuant to Fed.R.Civ.P. 56(f), seeking an unspecified amount of additional time in which to obtain affidavits from the plaintiff and another witness to cure the hearsay problem. Plaintiff's Motion to Extend Time to Obtain Affidavits Pursuant to Rule 56(f), etc. ("Second Motion") (Docket No. 28).

The town defendants oppose both of these motions.

## A. Docket No. 27

■ Without citation to authority, counsel for the plaintiff attributes his failure to respond to the town defendants' statement of material facts to "inexperience with the requirements of the District Court and unfamiliarity with the Local Rules," the fact that he has not appeared in a civil case in this court "for several years," and his "extreme difficulties" in "perfecting" his participation in this court's electronic filing system[2] and "the speed of the system compared to that of the State Court system, to which [sic] he is intimately acquainted."[3] First Motion at 1–2. The town defendants respond that this litany does not establish excusable neglect. Defendants Town of Rockland, Ockenfels, Lindahl and Bagley's Objection to Plaintiff's Motion to Allow Late Filing, etc. (Docket No. 30) at 1–4.

Excusable neglect is the standard applicable to the plaintiff's request. *See, e.g., United States v. Proceeds of Sale of 3,888 Pounds Atl. Sea Scallops*, 857 F.2d 46, 48–49 (1st Cir.1988) (failure to respond to motion within time set by local rule). Counsel for the plaintiff contends in his reply memorandum that his admitted neglect is excusable under the standard created by the Supreme Court

---

in this case, including trial, and to order entry of judgment.

**2.** Counsel for the plaintiff was allowed, at his request, to participate without electronic filing in this case. Docket No. 17.

**3.** Maine Rule of Civil Procedure 56(h)(2) is essentially identical to this court's Local Rule 56(c).

in *Pioneer Inv. Servs. Co. v. Brunswick Associates. Ltd. P'ship,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Plaintiff's Reply Memorandum in Support of Plaintiff's Motion to Allow Late Filing, etc. (Docket No. 33) at 1–2. However, the First Circuit has made clear that the *Pioneer* decision did not so enlarge the standard of excusable neglect that ignorance of procedural rules by counsel will always be overlooked. For example, in *Stonkus v. City of Brockton Sch. Dep't,* 322 F.3d 97, 100 (1st Cir.2003), the plaintiff failed to file an opposition to the defendants' motion for summary judgment. She filed a motion for leave to file her opposition late, based on her counsel's asserted "confusion over the filing deadlines and frenetic activity to complete discovery." *Id.* (internal quotation marks omitted). The First Circuit upheld the denial of this motion.

Even under the flexible standard prescribed by *Pioneer,* we see no abuse of discretion in the district court's decision refusing to allow Stonkus to belatedly oppose the defendants' motion for summary judgment. The stated reasons for the neglect—*confusion over filing dates and busyness*—hold little water.

\*  \*  \*  \*  \*  \*

We have repeatedly held this type of counsel error to be inadequate to support a determination of excusable neglect.... Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences.

\*  \*  \*  \*  \*  \*

As to prejudice, although there are no unusual circumstances in this case, the delay incurred by Stonkus's failure to respond serves to hamper the defendants' interest in certainty and resolution.... In sum, Stonkus's counsel's conduct simply does not warrant relief from judgment under an excusable neglect theory.

*Id.* at 101 (citation and internal quotation marks omitted). Similarly, in *Graphic Communications Int'l Union Local 12–N v. Quebecor Printing Providence, Inc.,* 270 F.3d 1 (1st Cir.2001), the First Circuit reviewed the Supreme Court's opinion in *Pioneer,* noting the language cited by the plaintiff in the instant case, to the effect that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness," but nonetheless required "a satisfactory explanation for the late filing," *id.* at 5. "[T]he excuse given for the late filing must have the greatest import." *Id.* (quoting *Hospital del Maestro v. NLRB,* 263 F.3d 173, 175 (1st Cir.2001)). The Supreme Court also stated in *Pioneer* that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." 507 U.S. at 392, 113 S.Ct. 1489. As was the case in *Graphic* and the cases discussed therein, 270 F.2d at 6–7, the plaintiff here has shown no unique or extraordinary circumstances to justify his counsel's failure to familiarize himself with this court's rules of procedure. This "blatant ignorance of clear or easily ascertainable rules," without more, does not justify the relief sought. *Id.*

The plaintiff's motion for leave to file his opposition to the town defendants' statement of material facts late is denied.

### B. Docket No. 28

The plaintiff requests that "the time for filing and obtaining Affidavits in reply to Defendants' Statement of Material Facts and Plaintiff's Reply Statement of Material Facts be extended pursuant to F.R.Civ.P. 56(f)." Second Motion at 1. His counsel states that one witness's "Affidavit was erroneously not sought by Plaintiff's counsel due to excusable neglect. Plaintiff sought to utilize this witness's sworn statements elicited at trial [of a separate matter in state court not involving the town defendants as parties] instead of separately attaching an Affidavit;" and that another witness has moved and could not be located to sign an affidavit. *Id.* I seriously doubt that counsel's "error" in this instance constituted excusable neglect, and, as the town defendants point out, Defendants' Objection to Plaintiff's Motion to Extend Time to Obtain Affidavits, etc. (Docket No. 31) at 1, the motion fails to comply with Fed. R.Civ.P. 56(f), which requires submission of an affidavit stating the reasons why the par-

ty cannot present facts essential to the party's opposition when a continuance to obtain evidence is requested. The plaintiff first submitted such an affidavit with his reply memorandum, Affidavit of Charles T. Ferris, Esq., attached to Plaintiff's Reply Memorandum in Support of Motion to Extend Time, etc. ("Reply Memorandum") (Docket No. 34), again only after being alerted by opposing counsel to his failure to comply with a readily available procedural rule.

I will in any event deny this motion insofar as it seeks additional time to present affidavits "in reply to" the town defendants' statement of material facts, because I have denied the plaintiff's motion to file a late response or opposition to that document.

■ With respect to the plaintiff's own statement of material facts, counsel for the plaintiff represents that he has now identified the town in which the proposed second affiant resides. Reply Memorandum at 2. He asserts that the proposed affidavits will affirm the affiants' previous trial testimony. *Id.* Where no new factual assertions will be added to the summary judgment record as a result of the proposed affidavits and no significant delay in the resolution of the motion is therefore likely, I conclude, albeit with some reluctance, that the plaintiff should be allowed to file the proposed affidavits, *see Simas v. First Citizens' Fed. Credit Union,* 170 F.3d 37, 45 n. 4 (1st Cir.1999), but only if he does so within seven days from the date of this opinion. This ruling is limited to the motion at issue and will have no effect on the resolution of the town defendants' pending motion to strike portions of the plaintiff's statement of material facts for reasons other than the use of .inadmissible hearsay with respect to the trial testimony to be identified in the affidavits. The town defendants may file objections to the affidavits as submitted on any ground other than timeliness within seven days after those affidavits are filed with the court.

### Conclusion

For the foregoing reasons, the plaintiff's motion to allow late filing (Docket No. 27) is **DENIED,** and the plaintiff's motion to extend time to obtain affidavits (Docket No. 28) is **GRANTED** only insofar as those affidavits may apply to the plaintiff's statement of material facts (Docket No. 20). The plaintiff must file any such affidavits no later than seven days from the date of this opinion; the town defendants may file any objections to those affidavits no later than seven days after they are filed with the court.

