**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-1149**

_____

B&G BUILDING MAINTENANCE, INCORPORATED,

Petitioner,

versus

NATIONAL LABOR RELATIONS BOARD,

Respondent.

_____

**No. 04-1238**

_____

NATIONAL LABOR RELATIONS BOARD,

Petitioner,

versus

B&G BUILDING MAINTENANCE, INCORPORATED,

Respondent.

_____

On Petition for Review and Cross-petition for Enforcement of an
Order of the National Labor Relations Board. (5-CA-29225)

_____

Argued: October 27, 2004          Decided: January 6, 2005

_____

Before WIDENER, WILLIAMS, and MICHAEL, Circuit Judges.

---

Petition for review denied and cross-petition for enforcement granted by unpublished per curiam opinion.

---

**ARGUED:** Douglas Michael Topolski, MCGUIREWOODS, L.L.P., Baltimore, Maryland, for B&G Building Maintenance, Incorporated.  Fred B. Jacob, Appellate Court Branch, Office of General Counsel, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for the Board.  **ON BRIEF:** Elena D. Marcuss, MCGUIREWOODS, L.L.P., Baltimore, Maryland, for B&G Building Maintenance, Incorporated.  Arthur F. Rosenfeld, General Counsel, John E. Higgins, Jr., Deputy General Counsel, John H. Ferguson, Associate General Counsel, Aileen A. Armstrong, Deputy Associate General Counsel, Margaret A. Gaines, Settlement Director, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for the Board.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

B&G Building Maintenance, Inc. (B&G) petitions for review of an order of the National Labor Relations Board (the Board). The order granted summary judgment against B&G and included Board findings that the company had engaged in unfair labor practices against its employees in violation of section 8(a)(1) and (3) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1) and (3). The case involves a March 2001 settlement between B&G, a small cleaning contractor, and the Board. The settlement related to charges that B&G attempted to prevent its employees from unionizing. B&G agreed to pay a total of $28,000 to eight aggrieved employees in four installments. To ensure B&G's performance, the settlement provided that if B&G failed to meet its obligations, the Board could find the allegations of the General Counsel's complaint to be true and enter an appropriate order against B&G.

On July 23, 2001, the Board's General Counsel filed a motion for summary judgment with the Board on the ground that B&G was in substantial breach of the settlement agreement. The Board issued B&G a notice to show cause why summary judgment should not be granted against it; however, due to an "inadvertent error," J.A. 176, the notice was sent to the wrong address. In the absence of a response, the Board assumed that B&G had decided not to contest the motion, awarded summary judgment, and found that B&G had

3

committed the unfair labor practices alleged in the General Counsel's complaint. On September 3, 2002, the Board filed an application for enforcement of its order in this court. B&G opposed the motion on the grounds that it had not received notice of the show cause order in time to defend itself. After initially disputing B&G's account, the Board withdrew its application for enforcement on October 1, 2002.

On March 5, 2003, the Board issued B&G a second notice to show cause, this time mailing it to the correct address. The deadline for B&G's response was March 20, 2003. B&G's lead counsel was on vacation the week of March 17, 2003, and, before leaving, he had asked an associate to oversee the filing of the response. Due to a miscommunication between lead counsel and the associate, the associate believed the deadline was Friday, March 21, 2003, and she filed the response on that date. On April 4, 2003, the Board notified B&G by telephone that the response was one day late. B&G promptly filed a motion asking the Board to accept the late response. The motion was supported by the associate's affidavit, which stated that the day-late filing was caused by the miscommunication. On May 21, 2003, the Board issued an order denying B&G's motion to accept its response. The Board then treated the General Counsel's motion for summary judgment as uncontroverted, found that B&G had engaged in the unfair labor practices alleged in the complaint, and on May 30, 2003, ordered

4

remedies accordingly. Later, the Board filed an application in this court seeking summary enforcement of its May 30, 2003, order. B&G argued in response that the Board abused its discretion by refusing to accept B&G's late filing. We denied the Board's summary enforcement application, and the Board filed a cross-petition for enforcement.

The Board's regulations provide that pleadings filed late will be accepted "only upon good cause shown based on excusable neglect and when no undue prejudice would result." 29 C.F.R. § 102.111(c). A determination of excusable neglect is based on several factors, including "the danger of prejudice [to the opposing side], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Investment Services Co. v. Brunswick Assoc., 507 U.S. 380, 395 (1993). The most important of these factors is the untimely party's reason for delay. Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir. 1996). Even if all of the other factors weigh in favor of the untimely party, neglect is not excusable "when there is no proffered reason that would justify, or . . . plausibly explain, [the] misreading of the rules." Hospital Del Maestro v. NLRB, 263 F.3d 173, 175 (1st Cir. 2001). The Board has held that "a late document will not be excused when the reason for the tardiness is solely a

miscalculation of the filing date." Int'l Union of Elevator Constructors, Local No. 2, 337 N.L.R.B. 426, 428 (2002). Here, the Board denied B&G's motion to accept its late filing on the ground that the reason for the delay -- miscommunication between B&G's counsel as to the due date -- "do[es] not rise to the level of excusable neglect." J.A. 203.

B&G argues that the Board abused its discretion by declining to find excusable neglect. It emphasizes that a one-day delay is the shortest possible, that it acted in good faith, and that a finding of excusable neglect would not prejudice the opposing side. It also notes that neither the General Counsel nor the charging party opposed the motion to file out of time and that B&G cooperated fully with the General Counsel when the Board mistakenly sent the original order to show cause to the wrong address.

A showing of excusable neglect requires at least some "pardonable reason" for failure to meet the deadline. Del Maestro, 263 F.3d at 175. The only reason given by B&G is that its lead counsel was on vacation, and there was a miscommunication about the filing deadline between lead counsel and the associate who was to take care of the filing. B&G argues that a miscommunication, unlike carelessness or a miscalculation of the deadline, is sufficient to find excusable neglect when all of the other factors weigh in the late party's favor. Pioneer, however, cautioned that

6

excuses such as "upheaval in [an attorney's] law practice" should be given little weight "[i]n assessing the culpability of . . . counsel." Pioneer, 507 U.S. at 398. This suggests that the Board did not err in concluding that the explanation offered here -- miscommunication among counsel about a filing deadline as lead counsel was leaving for vacation -- does not amount to excusable neglect. Although we are sympathetic to B&G's position, we cannot say that the Board abused its discretion by rejecting B&G's untimely response. Accordingly, we deny B&G's petition for review and grant the Board's cross-petition for enforcement of its order.

PETITION FOR REVIEW DENIED AND
CROSS-PETITION FOR ENFORCEMENT GRANTED