Lloyd MATTHEWS, Plaintiff,

v.

Paul CORDEIRO, et al., Defendants.

No. Civ.A. 00–11300–REK.

United States District Court, D. Massachusetts.

June 12, 2001.

Lloyd Matthews, South Walpole, MA, plaintiff pro se.

## Memorandum and Order

KEETON, District Judge.

### I. Pending Matter

Pending for decision by the court is a pro se request by Jose Rodriguez (Docket No. 13, filed May 9, 2001, and first incorrectly docketed by the Clerk of this court as if it had been filed by Matthews) to be allowed to proceed in this case as an additional plaintiff (the only plaintiff previously named being Lloyd Matthews). The court ordered the Clerk to correct the docket entry for the document filed as Docket No. 13, and that has been done.

The remainder of this Memorandum and Order concerns other problems presented by this and other pro se filings by Jose Rodriguez.

Verified Motion for Leave to File Second Amended and Supplemental Complaint (Docket No. 11, filed May 3, 2001) is signed pro se by both Lloyd Matthews and Jose Rodriguez. Attached to it and not separately docketed by the Clerk is Second Verified Amended and Supplemental Complaint. Also attached to it is a District Court for District of Massachusetts Cover Sheet and Case Category Form filled out by Jose Rodriguez, pro se, as attorney, identifying a previous case in this court as Lloyd Matthews v. Paul Cordeiro, No. 97–12838–REK.

Motion for Summonses and Marshal Forms to Effectuate Service of Process and to List Jose Rodriguez and John M. Silvia as Parties to Action (Docket No. 12, filed May 3, 2001) is signed pro se by Lloyd Matthews and Jose Rodriguez with a notation below their signatures "Filed: 4/27/01." It does not appear to have been served upon or consented to by John M. Silvia.

### II. Attempt to Add Claims and Defendants

Only an attorney admitted to practice in this court is authorized to sign and file a pleading on behalf of another person or entity.

Even if no defendant files a motion calling attention to the lack of authority under applicable law for an individual who is not an attorney admitted to practice in this court to appear in this court on behalf of one or more other natural persons or legal entities, the court must take notice of such a lack of authority and make an appropriate order.

Under well-settled law, an individual who is not an attorney admitted to practice before this court is not authorized to submit pleadings (including a complaint) or in any other manner appear on behalf of another person or entity. *See* 28 U.S.C. § 1654; *see, e.g., Herrera–Venegas v. Sanchez–Rivera,* 681 F.2d 41 (1st Cir.1982); *In re Victor Publishers, Inc.,* 545 F.2d 285,

286 (1st Cir.1976) (per curiam); *Eagle Associates v. Bank of Montreal,* 926 F.2d 1305 (2d Cir.1991); *Covington v. Allsbrook,* 636 F.2d 63, 64 (4th Cir.1980) ("Covington as a non-lawyer is not qualified to represent his fellow inmates").

Thus, neither Matthews nor Rodriguez, acting pro se, can properly file anything at any time in this proceeding on behalf of the other, or of any other person or entity.

■ Also, neither a single plaintiff nor two or more plaintiffs can properly add to the claims and defendants in a case without (1) showing an entitlement to do so without approval of the court or else (2) an approval by the court in the court's exercise of discretion that rules and practices of the court authorize.

■ Apparently for the purpose of trying to meet the requirements stated immediately above, Matthews and Rodriguez allege the following in their Verified Motion for Leave to File Second Amended and Supplemental Complaint (Docket No. 11):

1. The original complaint filed in this case alleged that defendant Cordeiro beat and injured plaintiff in 2000.

2. The first amended and supplemental complaint in the case alleged that defendants Cordeiro and Domingos banded together to beat and injure plaintiff Matthews in 2001, and that defendant Pepe knew of and/or should have known of defendants' proclivities towards violence, yet took no action as a supervisory official to thwart the likelihood of such violence being perpetrated upon prisoners.

3. Recently, plaintiff has learned that another prisoner, Jose Rodriguez, was the victim of a brutal beating at the hands of defendants Cordeiro, Domingos and another guard named John M. Silvia, on June 28, 2000, shortly after the beating plaintiff Matthews suffered at the hands of Paul Cordeiro, as alleged in the original complaint filed in this case.

4. The beating suffered by Jose Rodriguez suggests not only a pattern of abuse committed by defendants Cordeiro and Domingos, and a pattern of ignoring such behavior by defendant Pepe, but it shows a modus operandi employed by the named defendants in this action, which plaintiff Matthews planned to rely upon to prove his case in the matter at bar.

5. The actions of the defendants, vis-a-vis Jose Rodriguez, are bizarrely similar to the actions taken by them against plaintiff Matthews.

6. The actions of the defendants, vis-a-vis Jose Rodriguez, occurred on June 28, 2000, shortly after plaintiff Matthews was assaulted by defendant Cordeiro, as alleged in the original complaint filed in this case, and the types and locations of the injuries sustained by Rodriguez are similar to those injuries sustained by Matthews.

7. The injuries suffered by Jose Rodriguez were almost identical to the injuries suffered by plaintiff Matthews, though far more severe.

8. Jose Rodriguez speaks very little English, is indigent, and will have to file a separate action in this court and be issued a separate document number if this court does not allow this motion to amend the action.

9. Because the claims are similar to those raised by plaintiff Matthews in his original and first amended and supplemental complaints, and because the defendants are the same, save for defendant Silvia, and the

allegations made in second amended and supplemental complaint would be repeated to the jury in this case whether or not Jose Rodriguez was allowed to join the action, this court should grant this motion.

10. The decisional law, as well as Fed. R.Civ.P. 15(a–d) suggests that motions to amend an action should be liberally granted. *See e.g. Foman v. Davis*, 371 U.S. 178[, 83 S.Ct. 227, 9 L.Ed.2d 222] (1962). The defendants can suffer no prejudice whatsoever by the allowance of this motion. Indeed, they are in a better position, from a certain economical standpoint, to have all similar claims brought in a single action, as opposed to individual actions. In fact, counsel of record has not yet even filed a notice of appearance as of the filing of this motion.

11. The amended and supplemental complaint plaintiffs seek leave to file is meant to add to, not to substitute, the original and first amended and supplemental complaints filed in this case. *See e.g., Greas [Geas] v. DuBois*, 868 F.Supp. 19 (1994), and cases cited.

12. In the interests of judicial economy, and of justice, this court should allow plaintiff Jose Rodriguez to be amended to this action as a party-plaintiff, allow his claims to be put forth, and allow him to amend John M. Silvia to this action as a party-defendant.

13. Jose Rodriguez's affidavit to proceed in forma pauperis, civil action cover sheet and category sheet is attached hereto for the court's review and decision as to his status, financially. Any other information the court deems necessary to act upon this motion will be forwarded, expeditiously, upon request.

Docket No. 11 at 2–8 (footnote omitted).

The civil action cover sheet referred to in paragraph 13 of Docket No. 11 is in the file, but is filled out for No. 97–12838–REK, not 00–11300–REK. The affidavit referred to in paragraph 13 is not in the file and a search for it has not located it. Thus, I do not have before me a proper civil action cover sheet and affidavit of indigency for this case.

The rules and case decisions cited to support the proposed amendment are not on point because they concern only general propositions about leave to amend and do not address the problems presented when the amendments propose to add new claims and new parties that tend to complicate the case and make it more difficult at least and possibly not feasible at all to try the entire case at one trial. In these circumstances, it may be appropriate for the trial court, even if authorized to make a discretionary decision to allow the amendment, to exercise discretion against doing so in order to permit more expedited disposition of analytically separable claims and defenses.

Because Docket No. 12 has within it this unauthorized attempt to do something not permitted by the rules and practices in this court, I will strike it from the pleadings in this case so that no confusion will occur. Anything that either or both of the signers, Matthews and Rodriguez can properly do must be done, if at all, by a new and proper filing. It is so ordered in the order below.

### ORDER

For the foregoing reasons, it is ORDERED:

(1) Verified Motion for Leave to File Second Amended and Supplemental Com-

plaint (Docket No. 11, filed May 3, 2001) is DENIED.

(2) The Clerk is directed to strike from the record of pending motions the Motion for Summonses and Marshal Forms to Effectuate Service of Process and to List Jose Rodriguez and John M. Silvia as Parties to Action (Docket No. 12, filed May 3, 2001).

(3) The Clerk is directed to strike from the record of pending motions the pro se request by Jose Rodriguez (Docket No. 13, filed May 3, 2001) to be allowed to proceed in this case as an additional plaintiff (the only plaintiff previously named being Lloyd Matthews).