# United States Court of Appeals
## For the First Circuit

No. 01-2407

FROILAN M. NEGRÓN,

Plaintiff, Appellant,

v.

CELEBRITY CRUISES, INC.;
ROYAL CARIBBEAN CRUISE LINE,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Boudin, Chief Judge,

Lynch, Circuit Judge,

and Shadur,[*] Senior District Judge.

Harry Anduze-Montaño and Noelma Colón-Cordovés on brief for appellant.

Manolo T. Rodríguez-Bird and Jimenez, Graffam & Lausell on brief for appellees.

January 17, 2003

[*]Of the Northern District of Illinois, sitting by designation.

**Per Curiam**. Froilan Negron sued Celebrity Cruises, Inc. ("Celebrity") and Royal Caribbean Cruises, Ltd. ("Royal Caribbean"), Celebrity's parent corporation, in the federal district court in Puerto Rico for injuries he allegedly suffered while on a Celebrity cruise with his wife in 1998. On December 16, 1999, Celebrity and Royal Caribbean filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) on the ground that the forum selection clause on the back of the plaintiff's ticket provided that "all actions related to alleged personal injuries will have to be filed before a United States District Court for the Southern District of New York." Negron opposed the motion, arguing that the forum selection clause was unreasonable and unenforceable.

Because documents were provided by both parties, the district court converted the motion into one for summary judgment. See Fed. R. Civ. P. 12(b)(6). The district court then referred the motion to a magistrate judge. In June 2001, the magistrate judge recommended that the clause be found valid and the case be dismissed. The report advised the parties that in accordance with local rules, see D.P.R. R. 510.2A, they must file any objections to the recommending report with the Clerk of Court within ten days and that failure to do so would preclude appellate review. Negron did not file objections within the ten-day period, and, on July 12, 2001, the district judge adopted the recommendation and closed the case.

On July 27, 2001, Negron filed a motion to set aside the district court's order. This motion focused primarily on the merits of Negron's argument regarding the enforceability of the forum selection clause. In a single paragraph, Negron explained his failure to file timely objections: "Through inadvertence, copy of the Report and Recommendation recently approved by this Court was not properly filed as related to this case. This mistake precluded the undersigned from filing a timely objection to the Report and Recommendation." The district court denied the motion, and Negron appealed.

The Federal Magistrates Act permitting district judges to refer certain motions to magistrate judges for consideration pertinently provides:

> The magistrate shall file his proposed findings and recommendations . . . with the court and a copy shall forthwith be mailed to all parties. Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C) (2000).

In accord with Thomas v. Arn, 474 U.S. 140, 155 (1985), this circuit has determined "that a party 'may' file objections within ten days or he may not, as he chooses, but he 'shall' do so if he wishes further consideration." Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980); accord D.P.R. R. 510.2A

-3-

("Any objections to the Magistrate Judge's proposed findings, recommendation or report must be filed with the Clerk of the Court within ten (10) days after being served with copy thereof. Failure to file objections within the specified time waives the right to appeal the District Court's order.").

On appeal, Negron repeats that "[t]hrough inadvertence, copy of the Report was not properly filed as related to this case. This mistake precluded the undersigned from filing a timely objection reiterating the arguments that had been brought to the Court's attention in the Opposition to defendants' move for dismissal." Since the 10-day clock starts to run only when the parties are served with a copy of the magistrate's report, we assume that Negron means that the report was received by his counsel but that his counsel misfiled it. In substance, Negron's motion asked the district court to reopen the final judgment, excuse the failure to file a timely objection, and consider on the merits his attack on the forum selection clause.

Being filed more than 10 days after the judgment, the motion falls outside the time limit for motions to alter or amend a judgment under Fed. R. Civ. P. 59(e), but within the one-year limit on motions for relief from judgment on the ground of excusable neglect under Fed. R. Civ. P. 60(b)(1). Unfortunately for Negron, routine carelessness by counsel leading to a late filing is not enough to constitute excusable neglect. <u>Graphic Communications</u>

-4-

<u>Int'l Union</u> v. <u>Quebecor Printing Providence, Inc.</u>, 270 F.3d 1, 6-7 (1st Cir. 2001); <u>Mirpuri</u> v. <u>Act Mfg.</u>, 212 F.3d 624, 630-31 (1st Cir. 2000).  So, although a district court can grant relief from judgment if the moving party establishes excusable neglect, that predicate is lacking here.

<u>Affirmed.</u>