Gloria DEO–AGBASI, Plaintiff,

v.

The PARTHENON GROUP, et al., Defendants.

No. C.A.03–11335–MLW.

United States District Court, D. Massachusetts.

Aug. 16, 2005.

al law was filed four months after the state deadline and one day after the federal deadline for doing so. Plaintiff did not oppose the motion to dismiss and it was granted. Seven months later plaintiff moved that the judgment be set aside, pursuant to Federal Rule of Civil Procedure 60(b)(1), for "excusable neglect." Plaintiff contends that the neglect was caused by the failure of a busy paralegal to respond to the motion to dismiss.

This explanation does not constitute excusable neglect. A heavy workload and/or inattention of an attorney do not ordinarily constitute excusable neglect. Responding to a motion to dismiss constitutes the practice of law and the duty to do so cannot properly be delegated to a paralegal. Thus, it would be particularly inappropriate to find that the paralegal's heavy workload and inattention constitutes excusable neglect in this case. The First Circuit has regularly held clients responsible for the errors of the attorneys whom they selected. It is also appropriate to do so here.

It does not appear that Deo–Agbasi will actually be prejudiced by the denial of her request to vacate the judgment against her. It is clear that her complaint was not timely filed and her submissions suggest no basis for invoking the doctrine of equitable tolling. Therefore, even if she were given another opportunity to oppose the motion to dismiss, it is very unlikely that she could defeat it.

Stephen B. Hrones, Hrones & Garrity, Boston, MA, for Gloria Deo–Agbasi.

Jonathan D. Rosenfeld, Wilmer Cutler Pickering Hale and Dorr LLP, Boston, MA, for Defendant The Parthenon Group.

## MEMORANDUM AND ORDER

WOLF, District Judge.

## I. SUMMARY

Plaintiff Gloria Deo–Agbasi seeks to set aside the court's February 19, 2004 dismissal of her complaint. The defendants oppose this motion. The court is denying Deo–Agbasi's request.

As explained below, the complaint alleging discrimination in violation of state and feder-

## II. THE FACTS

On July 27, 2000, Deo–Agbasi filed a complaint with the Massachusetts Commission Against Discrimination (the "MCAD") alleging that the defendants discriminated against her on the basis of race and color. Plaintiff's Motion to Set Aside Dismissal ("Mot. to Set Aside") at 1. The MCAD found probable cause to credit Deo–Agbasi's allegations and allowed the parties to begin discovery. Id. at 1–2. On December 18, 2001, Deo–Agbasi failed to appear for her deposition. Id. at 2. On December 21, 2001, she requested that the defendants excuse her lack of attendance and also excuse her from other discovery requests as she planned to remove the matter from the MCAD's jurisdiction and file

suit in Superior Court. *Id.;* Defendants' Opposition to Plaintiff's Motion to Set Aside Judgment ("Defs.' Opp'n") at 2.

On about July 1, 2002, Deo–Agbasi's lawyer left his law firm. Mot. to Set Aside at 2. Stephen Hrones, Esq., that firm's managing partner, asked paralegal Lionel Porter to work on Deo–Agbasi's case. *Id.* On April 3, 2003, Porter requested a right to sue letter from the Equal Employment Opportunity Commission (the "EEOC") as filing in Superior Court was by then time-barred. *Id.* The right to sue letter was issued and datestamped as received by Deo–Agbasi's counsel on April 11, 2003. It stated in bold type that "[y]our lawsuit under Title VII ... must be filed in federal court WITHIN 90 DAYS of your receipt of this Notice." April 7, 2003 Notice of Right to Sue.

Plaintiff's complaint was not filed with this District Court until July 11, 2003, ninety-one days after April 11, 2003. *See* Fed.R.Civ.P. 6(a). The complaint alleges discrimination, in violation of 42 U.S.C. § 2000e and M.G.L. c. 151B, by defendants The Parthenon Group and Theresa Foley. The complaint was filed late with regard to both the state and federal claims. There is a three-year statute of limitations under M.G.L. c. 151B, § 9, which according to the complaint began running no later than March 10, 2000, when plaintiff resigned her position, and therefore expired on March 11, 2003. As explained in the Notice of Right to Sue, to have been timely filed, plaintiff's federal Title VII claim was required to have been filed within 90 days after her counsel received the April 7, 2003 Notice from the EEOC. *See* 42 U.S.C. § 2000(e)–5(f)(1). Therefore, the complaint filed on July 11, 2003 was four months late with regard to plaintiff's state law claim and a day late with regard to her federal claim.

The defendants filed their motion to dismiss on August 26, 2003. Mot. to Dismiss at 2. On February 19, 2004 the court allowed defendants' motion to dismiss as the plaintiff failed to oppose it, noting that the motion appeared meritorious.

Deo–Agbasi took no action until filing the Motion to Set Aside Judgment of Dismissal about seven months later, on October 4, 2004. Plaintiff asserts that Porter's "failure to timely file the plaintiff's opposition to the defendants' Motion to Dismiss was excusable neglect and inadvertence." Mot. to Set Aside at 4. The defendants oppose this motion.

## III. DISCUSSION

### A. *The Applicable Standard*

Federal Rule of Civil Procedure 60(b) states, in pertinent part:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect .... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed.R.Civ.P. 60(b). One year after entry of judgment is the latest that a Rule 60(b)(1) motion can be brought. However, "even a motion brought within a year should be rejected if not made within a reasonable time." *In re New England Mut. Life Ins. Co. Sales Practices Litig.,* 204 F.R.D. 6, 11 (D.Mass. 2001) (Keeton, J.); *see* Fed.R.Civ.P. 60(b); *see also Barrett v. United States,* 965 F.2d 1184, 1188 (1st Cir.1992) (stating that a Rule 60(b)(1) "motion may be made within a reasonable time, not more than one year"). *But see United States v. Boch Oldsmobile, Inc.,* 909 F.2d 657, 660 (1st Cir.1990) (implying that a Rule 60(b)(1) motion must be made within one year, and that "reasonable time" applies to 60(b)(4)-(6) motions).

In addition to the requirement that a Rule 60(b)(1) motion be brought within one year of a final judgment, the relief may be granted only if the judgment resulted from "excusable neglect." Fed.R.Civ.P. 60(b)(1). The Supreme Court has construed "excusable neglect" as "a somewhat 'elastic concept' ... not limited strictly to omissions caused by circumstances beyond control of the movant." *Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 392, 113 S.Ct.

1489, 123 L.Ed.2d 74 (1993) (construing the term as used in bankruptcy, but also examining its meaning under the Federal Rules of Civil Procedure). In the context of Rule 60(b)(1), the Court has held that the term encompasses "situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* at 394, 113 S.Ct. 1489; *Pratt v. Philbrook,* 109 F.3d 18, 19 (1st Cir.1997).

■ The determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Invest. Servs. Co.,* 507 U.S. at 395, 113 S.Ct. 1489; *see also Stonkus v. City of Brockton School Dept.,* 322 F.3d 97, 101 (1st Cir.2003). Factors to be considered are:

> the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Invest. Servs. Co.,* 507 U.S. at 395, 113 S.Ct. 1489; *Davila–Alvarez v. Escuela de Medicina Universidad Central del Caribe,* 257 F.3d 58, 64 (1st Cir.2001); *Pratt,* 109 F.3d at 19. While all relevant circumstances should be considered, the factors are not equally weighted: " 'the reason-for-delay factor will always be critical to the inquiry . . . .' " *Graphic Communications Int'l Union, Local 12–N v. Quebecor Printing Providence, Inc.,* 270 F.3d 1, 5 (1st Cir.2001) (quoting *Hospital del Maestro v. Nat'l Labor Relations Bd.,* 263 F.3d 173, 175 (1st Cir. 2001)); *see United States v. $23,000 in United States Currency,* 356 F.3d 157, 164 (1st Cir.2004).

■ Clients are generally held accountable for their counsel's acts and omissions. *Davila–Alvarez,* 257 F.3d at 66–67; *United States v. One Lot of $25,721.00 in Currency,* 938 F.2d 1417, 1422 (1st Cir.1991); *Pioneer Invest. Servs. Co.,* 507 U.S. at 396–97, 113 S.Ct. 1489. The First Circuit has "consistently 'turned a deaf ear to the plea that the sins of the attorney should not be visited upon the client.' " *KPS & Assocs., Inc. v. Designs by FMC Inc.,* 318 F.3d 1, 16 (1st Cir.2003) (noting that in this case the court did not need to

decide "whether to make an exception to this widely accepted rule") (quoting *Farm Constr. Servs. Inc. v. Fudge,* 831 F.2d 18, 21 (1st Cir.1987)); *see Davila–Alvarez,* 257 F.3d at 66–67. Where a litigant's "predicament results from blatant ignorance of clear or easily ascertainable rules," the trial judge has wide discretion in deciding a Rule 60(b)(1) motion. *Graphic Communications Int'l Union, Local 12–N,* 270 F.3d at 6 (citing *Hospital del Maestro,* 263 F.3d at 175).

Excusable neglect is, despite its elasticity, "a demanding standard." *$23,000 in United States Currency,* 356 F.3d at 164. Before the Supreme Court decided *Pioneer,* the First Circuit stated that while:

> many courts have indicated that Rule 60(b) motions should be granted liberally, this Circuit has taken a harsher tack. Because Rule 60(b) is a vehicle for extraordinary relief, motions invoking the rule should be granted only under exceptional circumstances.

*Davila–Alvarez,* 257 F.3d at 63–64 (omitting internal quotations and citation); *see also Stonkus,* 322 F.3d at 100. Although *Pioneer* relaxed this standard, the First Circuit continues to view the foregoing statement as instructive when read through *Pioneer's* gloss. *Stonkus,* 322 F.3d at 100; *Davila–Alvarez,* 257 F.3d at 63–64. Thus, " 'even under the flexible standard prescribed by *Pioneer,*' counsels' inattention or carelessness, such as a failure to consult or abide by an unambiguous court procedural rule, normally does not constitute 'excusable neglect.' " *Dimmitt v. Ockenfels,* 407 F.3d 21, 24 (1st Cir.2005).

### B. *Analysis*

■ Porter asserts that due to his heavy paralegal caseload he did not reply to the defendants' Motion to Dismiss in a timely fashion, that he feels terrible about this mistake, and that Deo–Agbasi is not at fault in any way. Affidavit of Lionel Porter ("Affidavit"). Deo–Agbasi argues that Porter's personal neglect and inadvertence, stemming from a demanding caseload "over which he had primary oversight," caused the failure to timely oppose the motion to dismiss and that

Deo–Agbasi should not be penalized for that. Mot. to Set Aside at 4.

Porter's mistakes and inadvertence do not, however, constitute excusable neglect. Deo–Agbasi's motion to set aside the dismissal was brought within a year of the judgment. Whether the delay of more than seven months in filing the motion to set aside the dismissal is reasonable need not be decided, however, because Deo–Agbasi's representative's conduct does not meet the excusable neglect standard. *See Pioneer Invest. Servs. Co.*, 507 U.S. at 395, 113 S.Ct. 1489; *Stonkus*, 322 F.3d at 101.

As described earlier, the excusable neglect standard involves an equitable determination, accounting for all relevant circumstances surrounding a party's omission. *Pioneer Invest. Servs. Co.*, 507 U.S. at 395, 113 S.Ct. 1489. Of the factors considered in determining whether excusable neglect is present, the foremost is the reason for delay. *Dimmitt*, 407 F.3d at 24 ("[A]mong the factors enumerated in *Pioneer*, by far the most critical is the asserted reason for the mistake."); *$23,000 in United States Currency*, 356 F.3d at 164. The First Circuit has "repeatedly held" busyness and confusion over filing dates by counsel to be inadequate to support a finding of excusable neglect. *Stonkus*, 322 F.3d at 100; *see also Negron v. Celebrity Cruises, Inc.*, 316 F.3d 60, 61–62 (1st Cir. 2003); *de la Torre v. Cont'l Ins. Co.*, 15 F.3d 12, 15 (1st Cir.1994).

In *Stonkus*, the plaintiffs failed to oppose a motion for summary judgment and later sought relief under Rule 60(b)(1), arguing that the attorney's confusion over filing dates and frenetic work on that case transformed neglect into excusable neglect. 322 F.3d at 100. The First Circuit did not agree, stating that a demanding workload and confusion over filing dates are not sufficient reasons to warrant the "extraordinary relief" afforded by Rule 60(b)(1). *Id.* at 100, 101 (citing cases).

In *Negron*, counsel failed to object to a magistrate's report within the prescribed ten day period, and filed a Rule 60(b)(1) motion for relief from the subsequent dismissal. 316 F.3d at 61. Despite the fact that the plaintiff misfiled the report which should have been objected to and moved to set aside the dismissal just two weeks after it was ordered, the First Circuit affirmed the denial of the Rule 60(b)(1) motion and explained that "routine carelessness by counsel leading to a late filing is not enough to constitute excusable neglect." *Id.* at 61–62.

Similarly, the First Circuit held in *de la Torre* that attempting to prove excusable neglect by arguing that counsel was preoccupied with other matters "has been tried before, and regularly found wanting." 15 F.3d at 15. As the First Circuit reiterated: "'[m]ost attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences.'" *Id.* (quoting *Pinero Schroeder v. FNMA*, 574 F.2d 1117, 1118 (1st Cir. 1978)).

In this case, the paralegal, Porter, states that he was too busy to attend properly to this case. The case was not filed in state court as planned because the time to do so expired. It was filed in federal court a day after the filing deadline for the federal claims. A month after the late filing of the complaint, the defendants moved for dismissal. That motion was before the court for nearly six months, but the plaintiff neither responded to it nor requested an extension of time to do so. Finally, the plaintiff waited about seven months after the motion to dismiss was allowed to file the instant Rule 60(b)(1) motion. Thus, the reason for the delay, the foremost factor in determining excusable neglect, weighs heavily against Deo–Agbasi because Porter's workload and carelessness are not adequate to excuse the neglect in this case. *See Stonkus*, 322 F.3d at 100; *Negron*, 316 F.3d at 61–62; *de la Torre*, 15 F.3d at 14–15.

The fact that Porter is a paralegal and asserts that his workload led to the failure to respond to the Motion to Dismiss does not alter the excusable neglect analysis. Rather, it reinforces the propriety of denying the motion. All of Porter's errors were within the law firm's reasonable control and should have been known of and attended to by the attorney supervising Porter, Hrones. Mass.

Rules of Prof'l Conduct R. 5.3(b) (2004) ("[A] lawyer having direct supervisory authority over the non-lawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer."); *see also Miller v. Mooney,* 431 Mass. 57, 725 N.E.2d 545, 548 n. 2 (2000) (stating that, in the context of a malpractice action, knowledge acquired by a paralegal in the scope of employment is attributable to the attorney); *Rodriguez v. Montalvo,* 337 F.Supp.2d 212, 218 (D.Mass.2004) (citing *Miller* ).

Porter states in his affidavit that "because of [his] heavy caseload, [he] failed to respond to the defendants' Motion to Dismiss in a timely fashion." A paralegal, however, may not practice law. *See* 28 U.S.C. § 1654; *Herrera–Venegas v. Sanchez–Rivera,* 681 F.2d 41, 42 (1st Cir.1982) ("By law an individual may appear in federal courts only pro se or through legal counsel."); *Matthews v. Cordeiro,* 144 F.Supp.2d 37, 38 (D.Mass.2001) ("Under well-settled law, an individual who is not an attorney admitted to practice before this court is not authorized to submit pleadings (including a complaint) or in any other manner appear on behalf of another person or entity.").

The Massachusetts Supreme Judicial Court has stated that:

> We believe it is impossible to frame any comprehensive and satisfactory definition of what constitutes the practice of law.... But at least it may be said that in general the practice of directing and managing the enforcement of legal claims and the establishment of the legal rights of others, where it is necessary to form and to act upon opinions as to what those rights are and as to the legal methods which must be adopted to enforce them, the practice of giving or furnishing legal advice as to such rights and methods and the practice, as an occupation, of drafting documents by which such rights are created, modified, surrendered or secured are all aspects of the practice of law.

*In re Shoe Mfrs. Protective Ass'n, Inc.,* 295 Mass. 369, 3 N.E.2d 746, 748 (1936). In the instant case, responding to the Motion to Dismiss constituted the practice of law.

*Shoe Mfrs. Protective Ass'n, Inc.,* 3 N.E.2d at 748.

Although an attorney may employ paralegals and delegate functions to them, the attorney must supervise and retain responsibility for the delegated work. Mass. Rules of Prof'l Conduct R. 5.3, 5.5 (Comment). In certain circumstances a lawyer is responsible for the actions of a paralegal he has a duty to supervise. Mass. Rules of Prof'l Conduct R. 5.3(c); *see also* Mass. Rules of Prof'l Conduct R. 1.3 (2004) (Diligence). It is Hrones who appeared as counsel for Deo–Agbasi in this case. He has not, however, filed an affidavit seeking to explain: why it was Porter's duty to respond to the motion to dismiss; how, if at all, he supervised Porter; and why the failure to respond to the motion resulted from excusable neglect by Hrones. In any event, it was Hrones's duty, not Porter's, to respond to the motion. It would be injurious to the interests of justice to find that the improper delegation of responsibility to a paralegal to practice law can, or in this case does, constitute or contribute to excusable neglect.

The length of the delay and its potential impact on judicial proceedings also weighs against Deo–Agbasi in the equitable determination of whether the neglect was excusable. The defendants filed the Motion to Dismiss on August 26, 2003. Deo–Agbasi failed to file her opposition to that motion within the allowed fourteen day period. *See* Local Rule 7.1(b)(2). Nor did she file an opposition late. Thus, there was no prompt action to remedy this mistake. *See Davila–Alvarez,* 257 F.3d at 66; *Pratt,* 174 F.R.D. at 237.

The prejudice factor generally does not weigh against the moving party when the only negative aspect would be the reopening of a matter the opposing party would rather have closed. *Pratt v. Philbrook,* 109 F.3d 18, 22 (1st Cir.1997). Here, however, this factor also weighs against Deo–Agbasi as the events complained of are almost five years old. Therefore, the delay may "serve[ ] to hamper the defendants' interest in certainty and resolution and to further diminish witnesses' memories concerning the events surrounding" Deo–Agbasi's claims. *Stonkus,*

322 F.3d at 101 (noting that the claims at issue were over six years old).

Even assuming that the errors in this case were made in good faith, the weight of the other factors against Deo-Agbasi causes the court to find that the neglect was not excusable.

Moreover, even if the judgment of dismissal were vacated and plaintiff were now permitted to respond to the motion to dismiss, it is highly unlikely that she would be able to defeat it. Her complaint was filed late under both state and federal law. While timely filing is not jurisdictional and filing deadlines may be subject to equitable tolling, the First Circuit has explained that "time limitations are important in discrimination cases, and that federal courts therefore should employ equitable tolling sparingly." *Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 278 (1st Cir.1999). "[A]n employee is generally not entitled to avail herself of the doctrine of equitable tolling if the procedural flaw that prompted the dismissal of her claim is of her own making." *Jorge v. Rumsfeld*, 404 F.3d 556, 565 (1st Cir.2005). This clearly appears to be such a case. Plaintiff's submissions do not suggest any basis to invoke the doctrine of equitable tolling. Therefore, it does not appear that she has been prejudiced by her attorney's failure to oppose the motion to dismiss.

Deo-Agbasi asserts that she should not be held responsible for her representative's neglect. She supports this argument with caselaw from other circuits. *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir.1988) ("[W]hen the party is blameless, his attorney's negligence qualifies as a 'mistake' or as 'excusable neglect' under Rule 60(b)(1)."); *Smith v. Widman Trucking & Excavating, Inc.*, 627 F.2d 792, 796 (7th Cir.1980) ("While neither ignorance nor carelessness by a party or his attorney is a proper basis for Rule 60(b) relief, ... courts are reluctant, under certain circumstances, to attribute to a client the mistakes of his attorney."). However, as explained earlier, the First Circuit has regularly indicated that clients are accountable for the errors of their counsel. *See KPS & Assocs., Inc.*, 318 F.3d at 16; *Davila-Alva-*

*rez*, 257 F.3d at 66–67; *One Lot of $25,721.00 in Currency*, 938 F.2d at 1422. Such accountability is appropriate in part because the client selected the attorney and could have replaced him with someone who would pay attention to her case. Accordingly, plaintiff's Rule 60(b)(1) motion is not meritorious.

## IV. ORDER

In view of the foregoing, the plaintiff's Motion to Set Aside Judgment of Dismissal (Docket No. 7) is DENIED.