**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

---

No. 06-2577

ROBERT A. VIGEANT,

Plaintiff, Appellant,

v.

UNITED STATES,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. William E. Smith, U.S. District Judge]

---

Before

Lynch, Circuit Judge,
Campbell and Selya, Senior Circuit Judges.

---

Robert A. Vigeant on brief pro se.
Steve Frank and Robert S. Greenspan, Appellate Staff, Civil Division, Department of Justice, Peter D. Keisler, Assistant Attorney General, and Robert Clark Corrente, United States Attorney, on brief for appellee.

---

August 7, 2007

---

**Per Curiam**.    Robert A. Vigeant appeals the district court's entry of summary judgment in favor of the government in this action brought under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80, asserting claims of false arrest, false imprisonment, malicious prosecution and abuse of process based on the events leading to Vigeant's arrest and conviction for a firearms offense which was subsequently vacated by this court.[1]  See United States v. Vigeant, 176 F.3d 565 (1st Cir. 1999).  We review the grant of summary judgment de novo, drawing all reasonable inferences in favor of the nonmoving party.  United States v. Union Bank for Sav. & Inv., 487 F.3d 8, 16-17 (1st Cir. 2007).  Summary judgment is properly granted if the movant can demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  However, "where [the nonmoving] party bears the burden of proof, it 'must present definite, competent evidence' from which a reasonable jury could find in its favor."  Union Bank for Sav. & Inv., 487

---

[1]The complaint asserted two additional claims that were dismissed early in the litigation: the first alleged that the search was unlawful, and the second was a claim brought by Vigeant's now deceased grandmother for damages to her business. While Vigeant does not appear to challenge the dismissal of the first claim, he requests "reinstatement" of his grandmother's claim.  However, since Vigeant failed to raise a timely objection to the magistrate judge's recommendation to dismiss that claim, which was subsequently adopted by the district court, we will not review it now.  See 28 U.S.C. § 636(b)(1)(C); Negron v. Celebrity Cruises, Inc., 316 F.3d 60, 61 (1st Cir. 2003).  The remaining issues raised on appeal relate to the summary judgment determination.

F.3d at 16-17 (quoting United States v. One Parcel of Real Prop., 960 F.2d 200, 204 (1st Cir. 1992)).  To establish a claim for false arrest, false imprisonment or malicious prosecution under Rhode Island law, Vigeant was required to demonstrate, among other things, a lack of probable cause for the criminal proceedings. Beaudoin v. Levesque, 697 A.2d 1065, 1067 (R.I. 1997).  While this court determined in the context of the direct criminal appeal that the search warrant application was not supported by probable cause and that the good-faith exception to the exclusionary rule therefore did not apply, we did not consider whether federal agents executing the search of Vigeant's home had probable cause to arrest him when they discovered firearms.  See Vigeant, 176 F.3d at 569 (expressly limiting inquiry to "whether there was probable cause to believe that Vigeant had committed the crime of laundering drug proceeds, . . . as alleged in the affidavit [for the search warrant application]").

Vigeant argues that the determination that the agents did not act in "good faith" in obtaining the search warrant also vitiates any probable cause that may have existed for his arrest for the firearms offense; in other words, Vigeant contends that the application of the exclusionary rule in the criminal proceedings warrants application of the rule in this civil proceeding.  The district court properly rejected this argument.  See Pennsylvania Bd. of Probation & Parole v. Scott, 524 U.S. 357, 365 & n.4 (1998)

(noting that the exclusionary rule generally has been held to apply only in criminal proceedings); United States v. Calandra, 414 U.S. 338, 347-48 (1974) (stating that the exclusionary rule is a remedial device intended to deter future unlawful police conduct rather than a personal constitutional right, and that "standing to invoke the rule has been confined to situations where the government seeks to incriminate the victim of the unlawful search"). See also Townes v. City of New York, 176 F.3d 138, 149 (2d Cir. 1999) (holding, in a civil rights action, that the absence of probable cause for a stop and search did not vitiate the probable cause to arrest plaintiff upon discovery of handguns in the car in which he was riding). For the reasons set forth by the district court, we agree that the undisputed facts demonstrate that the agents had probable cause to believe Vigeant was a felon in possession of firearms, in violation of 18 U.S.C. § 922(g). The government was therefore entitled to summary judgment on the claims for false arrest, false imprisonment and malicious prosecution.

We also agree with the district court's determination that Vigeant failed to produce evidence of any ulterior motive or wrongful purpose for his arrest beyond spite or malevolence, as is required to prove a claim for abuse of process. See Butera v. Boucher, 798 A.2d 340, 354 (R.I. 2002) ("The gist of an abuse-of-process claim is the misuse of legal process to obtain an advantage 'not properly involved in the proceeding itself . . . .

[However], *even a pure spite motive is not sufficient where process is used only to accomplish the result for which it was created.*'" (quoting W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 121, at 897 (5th ed. 1984)) (emphasis in original). Defendant was therefore also entitled to summary judgment on the abuse of process claim.

Accordingly, essentially for the reasons set forth in the district court's October 19, 2006, Decision and Order, we affirm. See 1st Cir. R. 27.0(c).